JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Martin M. Howard

## DEFENDANTS

John Crane Inc.

**(b)** County of Residence of First Listed Plaintiff    McKean County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cook County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lauren Linsenbach, Esquire
Law Office of Peter Angelos

Attorneys *(If Known)*

Tiffany Turner, Esq. Dickie, Mccamy & Chilcote
1650 Arch Street, Suite 2110, Phila, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [x] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1442 (a)

Brief description of cause:
Plaintiff alege injury due to exposure to asbestos.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE      DOCKET NUMBER

DATE

Jan 20, 2022

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ 3470 Route 46, Smethport, Pennsylvania, 16749 ___

Address of Defendant: ___ Various Defendants ___

Place of Accident, Incident or Transaction: ___ Alleged exposures occurred inthe US Navy and in Bethlehem, Pennsylvania ___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] **is** / [ ] **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/20/2022 _____ *Must sign here* _____ 62832

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* Fed Off. Jurisdiction 28 USC Section 1442 (

**B.**    *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Tiffany Faye Turner _____, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 01/20/2022 _____ *Sign here if applicable* _____ 62832

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

MARTIN M. HOWARD,                \*

                              \*

             Plaintiff,       \*

                              \*

           v.               \*       CIVIL ACTION No. _____

                              \*

AIR & LIQUID SYSTEMS CORPORATION,  \*
  as successor by merger to Buffalo Pumps  \*
BAYER CROPSCIENCE, INC.,  \*
  f/k/a Amchem Products, Inc.,  \*
CBS CORPORATION, a Delaware Corporation,  \*
  f/k/a Viacom, Inc., successor by merger to  \*
  CBS Corporation, a Pennsylvania Corporation,  \*
  f/k/a Westinghouse Electric Corporation,  \*
CLEAVER BROOKS, INC.,  \*
COLUMBUS MCKINNON CORPORATION,  \*
COOPER INDUSTRIES LLC, individually and  \*
  as successor-in-interest to Crouse-Hinds Co.,  \*
CORNING, INC., on behalf of its former  \*
  Cohart Refractories Business Division,  \*
CRANE COMPANY,  \*
EATON CORPORATION, as successor-in-  \*
  interest to Cutler-Hammer, Inc.,  \*
  n/k/a Eaton Electrical, Inc.,  \*
FORD MOTOR COMPANY,  \*
FOSECO, INC.,  \*
FOSTER -WHEELER LLC, survivor to  \*
  merger with Foster Wheeler Corporation,  \*
GENERAL ELECTRIC COMPANY,  \*
GENUINE PARTS CO., a/k/a Napa Auto Parts,  \*
GOODRICH CORPORATION, f/k/a The B.F.  \*
  Goodrich Co.,  \*
THE GOODYEAR TIRE & RUBBER  \*
  COMPANY,  \*
GOULDS PUMPS, LLC f/k/a Goulds  \*
  Pumps, Inc.,  \*
GREENE, TWEED & CO., INC.,  \*
GTE OPERATIONS SUPPORT, INC.,  \*
  successor in interest to GTE products  \*
  of Connecticut Corp., Clark Controller Co.,  \*
HAJOCA CORPORATION,  \*
H.B. FULLER COMPANY,  \*

HOBART BROTHERS LLC,          *
HOLMAN AUTOMOTIVE GROUP, INC.,   *
HONEYWELL INTERNATIONAL, INC.,   *
  as successor to Allied-Signal, Inc.,     *
  successor to Bendix Corporation,      *
INDUSTRIAL HOLDINGS CORP. f/k/a    *
  Carborundum Company,          *
J.H. FRANCE REFRACTORIES COMPANY, *
JOHN CRANE, INC. f/k/a Crane Packing Co., *
KEELER/DORR-OLIVER BOILER      *
  COMPANY, INC.,             *
MORGAN ENGINEERING f/k/a Morgan Crane, *
MORSE TEC LLC,              *
  f/k/a BorgWarner Morse TEC, LLC, and   *
  successor-by-merger to Borg-Warner Corp.,  *
NORCA INDUSTRIAL COMPANY, LLC,   *
THE OKONITE COMPANY,        *
THE PEP BOYS - MANNY, MOE & JACK,  *
PNEUMO-ABEX LLC, successor-in-interest to *
  Abex Corporation,            *
READING CRANE & ENGINEERING    *
  COMPANY,               *
REUNION INDUSTRIES INC., f/k/a Alliance *
  Machines,               *
RSCC WIRE & CABLE COMPANY, LLC,  *
SAINT-GOBAIN ABRASIVES, INC., f/k/a  *
  Norton Company,            *
SCHNEIDER ELECTRIC USA, INC., f/k/a  *
  Square D Company,          *
TEREX CORPORATION,         *
UNION CARBIDE CORPORATION,     *
UNIVERSAL REFRACTORIES,       *
WARREN PUMPS, LLC,          *
THE MARLEY-WYLAIN CO., f/k/a     *
  Weil-McLain,             *
MEAD WESTVACO CORPORATION,    *
DCO, LLC, f/k/a Dana Company, individually *
  and as successor-in-interest to       *
  Victor Mfg & Gasket Co.,         *
MASTERCRAFT AUTO PARTS & GLASS,  *
CANTWELL-JOHNSON, INC.,        *
BRADFORD FAIRWAY SALES AND    *
  LEASING, INC., d/b/a Bradford Fairway   *
  Ford and Bradford Chrysler Dodge Jeep Ram,*
                             *
      Defendants.              *

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, Defendant John Crane Inc. ("JCI") hereby removes this action from the Court of Common Pleas of Northampton County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. JCI provides the following short and plain statement of the grounds for removal:

## I. BACKGROUND FACTS

1.      JCI was served with a summons and complaint on December 21, 2021, in connection with the civil action pending before the Court of Common Pleas of Northampton County, Pennsylvania, Case Number C-48-AB-2021-00009. (Summons and Complaint attached as **Exhibit A**.)

2.      Plaintiff, Martin M. Howard ("Plaintiff" or "Howard"), alleges—albeit in a short-form complaint that does not comply with Federal Rule of Civil Procedure 8—that Plaintiff's pleural mesothelioma was caused by his work with and/or around a wide variety of asbestos-containing products, including JCI products, while serving in the United States Navy ("U.S. Navy" or "Navy") from 1955 to 1958. (Ex. A ¶ 8.)

3.      Plaintiff's causes of action—incorporated by reference from other, longer-form complaints filed years ago in Northampton County—sound in strict liability, breach of warranty, and negligence, based on design defect, failure to warn, and failure to test theories. (Ex. A ¶¶ 1-3.)

## II. U.S. NAVY SPECIFICATIONS GOVERNING GASKETS AND PACKING

4.      At all times relevant to Plaintiff's claims, the U.S. Navy observed a very particular process that had to be followed by product suppliers and manufacturers, like JCI, in order to sell products to the U.S. Navy for use on U.S. Navy ships. The U.S. Navy required that any product it

purchased be qualified and approved before the purchase. Accordingly, to sell a product to the U.S. Navy, JCI would have had to go through certain steps to have the product placed on the U.S. Navy's Qualified Products List ("QPL"), a list designating products eligible for bidding on naval contracts.

5.      At all times relevant to Plaintiff's claims, to place a bid to sell a product to the U.S. Navy, JCI would first obtain the Navy's applicable Military Specification ("Mil-Spec"). Then, JCI would inform the Navy of its intention to bid on that specification.

6.      Once JCI had developed a product that conformed to the Navy's specifications, the Navy required JCI to test the product using an independent laboratory and submit those test results to the Navy. The Navy also required that the product be submitted to the Navy for the Navy's own testing. Only after the product had satisfied the required testing could it be placed on the Navy's QPL. Once a product won a bid, it could then be sold to the Navy.

### A.    *Specifications Regarding Gaskets Used on Navy Ships*

7.      At all times relevant to Plaintiff's claim, any JCI compressed asbestos-containing sheet gasket material sold to the U.S. Navy (supplied in only very small quantities) would have conformed with reasonably precise military specifications covering every aspect of the composition, marking and labeling of the product, appearance, technical performance, and testing requirements.[1]

8.      At all times relevant to Plaintiff's claim, compressed asbestos-containing sheet gasket material was governed by Military Specification MIL-A-17472, attached as **Exhibit B**. This

---

[1] The only JCI sheet gasket material ever appearing on the Navy's QPL—although not during the years at issue here—was style 2150.

specification expressly required—based on decades of research by the Navy itself dating back to the first score of the twentieth century—the asbestos sheet to contain a minimum amount ("not less than 70 percent") of chrysotile asbestos. (Ex. B ¶¶ 3.2.1, 3.4.)

9. Included in this Mil-Spec was a requirement for all writings and markings to appear on the face of the product. Specifically, Paragraph 3.10, entitled "Branding," in MIL-A-17472 provided that the face of the gasket was to be "plainly marked" with the "manufacturer's brand name." (Ex. B ¶ 3.10.) No other writings or markings—including warnings of any kind— were permitted.

10. Likewise, Paragraph 5.2 set forth requirements for all writings and markings that were permitted on shipping containers for gasket material. The documents incorporated by reference into Paragraph 5.2 did not include warnings for asbestos-containing products. Because the Navy assumed responsibility for promulgation of all warnings, and because one of the Navy's objectives was ensuring uniformity in labeling across the same products, the absence of any warning for asbestos incorporated into these paragraphs meant that such a warning was not permitted on the shipping containers for compressed asbestos sheet gasket material.

11. Mil-Spec MIL-A-17472 likewise defined and delimited mandatory detailed and comprehensive testing procedures in Section 4.5. (Ex. B ¶ 4.5.) The Navy's qualification process for inclusion of asbestos-containing gaskets on the applicable QPL, which included these mandatory testing procedures, is reflected in paragraphs 3.1 and 4.2 of Mil-Spec MIL-A-17472. The gaskets JCI sold to the Navy were required to—and did—conform to this Mil-Spec.

**B.     *Specifications Regarding Packing Used on Navy Ships***

12. The level of oversight, control, testing, and detailed specifications described above for gasket material applied with equal force to the packing products sold by JCI to the Navy.

5

Indeed, Mil-Specs for packing during the period relevant to Plaintiff's claim contained precise language covering every aspect of the composition (expressly including asbestos), construction, size, performance testing, temperature rating, pressure rating, packaging, marking, and other characteristics of the particular style of packing at issue. (*See* MIL-P-17303C, attached as **Exhibit C**).

13.     For example, MIL-P-17303 strictly governed the composition of the packing supplied to the Navy.[2]   Paragraph 3.2 provided that the "composition" of the packing "shall conform to that of the sample submitted for qualification."  (Ex. C ¶ 3.2.) When it was promulgated by the Navy in 1952, MIL-P-17303 replaced what had been Navy Department Specification ("ND-SPEC") 33-P-25, which had been in place since 1931. The replacement of ND-SPECs with Mil-Specs was a function of a post-war movement away from branch-specific specifications to specifications that could be used across the various military branches.

14.     ND-SPEC 33-P-25 expressly required that all packing contain chrysotile asbestos. (1 Sept. 1931 ND-SPEC 33-P-25, attached as **Exhibit D**, at §§ D, E**.**) As such, the packing supplied by JCI that was approved for use by the Navy under ND-SPEC 33-P-25 was required to contain asbestos.

15.     When MIL-P-17303 was promulgated, the products that had previously been approved by the Navy under ND-SPEC 33-P-25 were carried forward as the "approved" products under MIL-P-17303C.  This is reflected in the QPL for MIL-P-17303C, reflecting dates of approved product testing (in the 1930s) that tied back to ND-SPEC 33-P-25. (*See* Nov. 29, 1956,

---

[2] Between 1952 and 1955, MIL-P-17303 was amended in ways not relevant here.

QPL-17303-9, attached as **Exhibit E**, at 1, identifying "EES"—the Navy's Engineering Experiment Station at Annapolis—test results from the 1930s**.**)

16.     Thus, in promulgating MIL-P-17303, the Navy required the continued use of the same asbestos-containing packings that had been required for decades under ND-SPEC 33-P-25. JCI was not free to use non-asbestos packing under MIL-P-17303.  Before such a product could be used, it would have to be subjected to the testing required in the Mil-Spec. Only after such testing would the Navy then have decided whether to approve use of the product, a decision that was completely within the Navy's discretion.

17.     Further, MIL-P-17303 included requirements for all writings and markings (which were only permitted on containers and not on the spools themselves) that were to appear on the product.  (Ex. C ¶ 5.3.)  No other writings or markings (including warnings of any kind) were permitted. During the period relevant to Plaintiff's claim, these writings and markings never included an asbestos warning. For the same reasons described above for gaskets, warnings on packing containers were strictly controlled by the Navy. JCI provided warnings as strictly prescribed by the Navy.

18.     Like MIL-A-17472 for gaskets, MIL-P-17303 set forth mandatory detailed and comprehensive testing procedures for packing in the paragraph entitled "4.4 Inspection and tests." (Ex. C.)

19.     At all times relevant to Plaintiff's claims, JCI complied with all of the reasonably precise specifications, including all labeling requirements, set forth in the Mil-Specs available to the gasket and packing products it sold to the U.S. Navy.

20.      The U.S. Navy inspected goods supplied by JCI both at JCI's facilities and at the point of receipt by the Navy. These inspections specifically included review for compliance with

marking and labeling requirements. The Navy never rejected or returned any shipment of products from JCI for failure to include an asbestos warning label. JCI never received any correspondence or other communication from the Navy instructing that JCI's shipments of products were required to include such warnings. There was never a cessation of the business relationship between the Navy and JCI over failure to include asbestos warnings on products.

21.    At all times relevant to Plaintiff's claims in this lawsuit, the United States Government, including the U.S. Navy—as one of the world's largest consumers of asbestos containing products—possessed knowledge regarding the dangers of asbestos that was superior to that of its equipment and product suppliers, including JCI.  In fact, the Navy's knowledge of asbestos hazards dates back to the early 1920s, before JCI was even selling products to the Navy.

### III. FEDERAL OFFICER REMOVAL (28 U.S.C. § 1442(a)(1))

22.    Removal is proper under 28 U.S.C. § 1442(a)(1) when facts are disclosed establishing that: (1) the removing defendant is a person within the meaning of the statute; (2) it performed the complained of action at the direction of a federal officer and under color of federal office; (3) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (4) the defendant asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 123-135 (1989); *Papp v. Fore-Kast Sales Co.*, 824 F.3d 805, 812 (3rd Cir. 2016); 28 U.S.C. § 1442(a)(1).  JCI meets all four elements and is therefore entitled to remove this action pursuant to the federal officer removal statute.

23.    First, as a corporation, JCI is a "person" for purposes of 28 U.S.C. § 1442(a)(1). *Papp,* 824 F.3d at 812.

24.    Second, to the extent JCI supplied asbestos-containing gasket and packing material, it was at the direction of a federal officer, the United States Government, and under color of federal

8

office. The materials at issue were supplied pursuant to military procurement contracts with the United States Government and in compliance with detailed design, testing, and labeling specifications issued and approved by the Government. These specifications dictated the performance testing and material composition of the materials, including the requirement that such material contain asbestos fibers. (Ex. C (MIL-A-17472) ¶¶ 3.1-3.4 (gaskets); Ex. D (MIL-P-17202) ¶ 3.1 and ¶ 3.9.2 (packing).)

25.     These specifications dictated the writings and markings required and allowed to be placed on the materials. (Ex. C (MIL-A-17472) ¶¶ 3.11, 5.2 (gaskets); Ex. D (MIL-P-17303) ¶ 5.3 (packing).)   The design, manufacture, testing, labeling, and shipment of such materials were subject to close, detailed, and ongoing supervision and control of the United States Government and its officers. The Government exercised discretion and approval authority over the products supplied by JCI. JCI complied with all of the United States Government's specifications. And, to the extent of any alleged hazards associated with gasket and packing materials, there were no dangers known to JCI that were not known to the United States. *Leite v. Crane Co*., 749 F.3d 1117, 1120 (9th Cir. 2014); *Ruppel v. CBS* Corp, 701 F.3d 1176, 1186 (7th Cir. 2012); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016) (derivative sovereign immunity defense applies so long as the contractor can demonstrate that it complied with the Government's specifications regardless of the subject matter of the contract).

26.     JCI's supply of gasket and packing materials under the control, direction, specification, and supervision of the Government thus satisfies the "acting under" requirement, which, like federal officer removal generally, "is 'broad' and is to be 'liberally construe[d]' in favor of the entity seeking removal.'"  *Watson v. Philip Morris Cos., Inc*., 551 U.S. 142, 147 (2007).

27.    For purposes of federal officer removal, the Third Circuit holds that military contractors were "acting under a federal officer" in relation to the design, manufacture, and supply of equipment to the United States Government.  *See, e.g., Papp*, 842 F.3d at 812 (*citing Ruppel*, 701 F.3d at 1184-1186). Indeed, JCI could not change the design or provide additional language—including warning labels—on the gaskets and packing without prior Government authorization. Moreover, not only did JCI's acquisition of Government approval for any design change require strict compliance with the Government's formal and detailed change process procedures, but the Government retained absolute authority at all times to accept, reject, or modify any aspect of a military government contractor's requested change proposal.  Similarly, JCI could not change the testing protocol that the gasket and packing material was subjected to because, pursuant to the clear language of the specifications, the testing was to be conducted in facilities approved by the Government and done in accordance with the Government's protocol.

28.    Third, there is a causal nexus between JCI's alleged actions in supplying the gaskets and packing and Plaintiff's claim that his mesothelioma was caused by the asbestos-containing gaskets and packing JCI supplied to the U.S. Navy pursuant to and in strict adherence to applicable government specifications. In assessing whether a causal nexus exists, the Court credits the defendant's theory of the case. *Jefferson Cnty. v. Acker*, 527 U.S. 423, 432 (1999); *Leite v. Crane Co.,* 749 F.3d 1117, 1124 (9th Cir. 2014); *Isaacson v. Dow Chem. Co*., 517 F.3d 129, 137 (2nd Cir. 2008). For this requirement, the federal officer removal has been broadened to include not only causally connected actions under color of federal officer, but also to include *connected* or *associated* acts. *Papp*, 842 F.3d at 813.  Here, a nexus exists because the very acts that form the basis of Plaintiff's claims—JCI's supply of asbestos-containing products to the U.S. Navy for use on Navy ships and its alleged failure to warn about asbestos hazards—are acts that JCI performed

10

in accordance and compliance with directions from the Navy. *Ruppel,* 701 F.3d at 1184-1186; *Winters v. Diamond Shamrock Chem. Co*., 149 F.3d 387, 396-397 (5th Cir. 1998) (government contractor who supplied dangerous herbicide Government used to conduct war could remove product liability actions pursuant to federal officer removal statute).

29. Fourth, JCI asserts a colorable federal defense, namely the "government contractor" defense set forth in *Boyle v. United Technologies, Inc*., 487 U.S. 500 (1988) and its progeny. To establish that defense in the context of the design defect/failure to warn claims alleged against it, JCI ultimately will have to prove that (1) the Navy exercised its discretion and approved certain warnings for JCI's products, (2) JCI provided the warnings required by the Navy, and (3) JCI warned the Navy about any asbestos hazards that were known to JCI but not to the Navy. *See Boyle*, 487 U.S. at 512-513; *Latiolais,* 951 F.3d at 297; *accord Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Leite v. Crane Co.,* 749 F.3d 1117 (9th Cir. 2014); *Ruppel v. CBS Corp.,* 701 F.3d 1176 (7th Cir. 2012).

30. The government contractor defense applies to Plaintiff's failure-to-warn claims, failure to test, and design defect claims in that: (1) the Government approved specifications for the design and labeling of gaskets and packing; (2) JCI complied with these specifications, and (3) there were no health hazards associated with asbestos generally, or asbestos-containing gaskets and packing material specifically, of which JCI was aware and the Government was not. *See Boyle*, 487 U.S. at 512-513; *Jowers v. Lincoln Elec. Co.*, 617 F.3d 346, 352 (5th Cir. 2010); *Miller*, 275 F.3d at 423; *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 438-39 (5th Cir. 2000); *accord Sawyer*, 860 F.3d at 259; *Ruppel,* 701 F.3d at 1188; *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003-04 (7th Cir. 1996); *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995).

31.     JCI also is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based on the separate defense of derivative sovereign immunity set forth in *Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940), clarified most recently by *Campbell-Ewald Co.*, *supra*.   In *Yearsley*, the Court established that a government contractor acting at the direction and authorization of a government officer is immune from suit based on performance of the government contract.   Thus, to establish that defense, JCI ultimately will have to prove that it supplied its asbestos-containing products to the Navy as authorized and directed by the Government.   *Campbell-Ewald Co.*, 136 S. Ct. at 666; *Yearsley*, 309 U.S. at 20-21.   *Yearsley* is satisfied here because the acts complained of were performed at the direction of government officers acting under government authorization, and if the Government had performed those acts directly, it would be immune from suit.

32.     At this stage, to assert a colorable defense, a defendant is required only to identify facts which, viewed in the light most favorable to the defendant, would establish a defense under *Boyle*, *Ruppel*, or *Yearsley/Campbell-Ewald* at trial, and "need not win his case before he can have it removed."   *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).   "Just as requiring a clearly sustainable defense rather than a colorable defense would defeat the purpose of the removal statute, so would demanding an airtight case on the merits in order to show the required causal connection."   *Jefferson County v. Acker*, 527 U.S. 423, 432 (1999).   To be "colorable," the defense need not be "clearly sustainable," as the purpose of the statute is to secure that the validity of the defense will be tried in federal court.   *Willingham*, 395 U.S. at 407.   Under identified facts similar to those here, federal courts consistently have denied motions to remand state law claims removed under the government contractor defense.   *See Papp*, 842 F.3d at 809; *Ruppel,* 701 F.3d at 1178.

12

33.     Pursuant to 28 U.S.C. § 1446(b)(1), JCI has filed a notice of removal within 30 days of service of the summons upon JCI.

## IV. JURISDICTION

34.     Removal of this action is proper under 28 U.S.C. § 1442.  Consistent with the short and plain statement of the law and facts set forth above, the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because JCI was acting under an officer or agency of the United States Government in relation to any claims asserted against JCI and JCI can state at least a colorable defense under federal law to any such claims.  *See Papp*, 842 F.3d at 809.

35.     Section 1442(a)(1) authorizes removal of the entire case even if only one of the controversies it raises involves a federal officer or agency.

36.     The Court of Common Pleas of Northampton County, Pennsylvania is located within the judicial district overseen by the United States District Court for the Eastern District of Pennsylvania, making venue proper. *See* 28 U.S.C. §§ 1332(a)(3) and 1441(a).

## V. PROCEDURAL COMPLIANCE

37.     JCI is not required to obtain the consent of any other defendants to remove this action in its entirety under section 1442(a)(1).  *Huntingdon Valley Club Condo. Ass'n v. Pa. Hous. Fin Agency*, 2005 U.S. Dist. LEXIS 234,* 6, 2005 WL 44524 (E.D. Pa. 2005) (*citing Akin v. Ashland Chem. Co.*, 156 F.3d 1030,1034 (10th Cir. 1998); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992); *Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981);  *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960); *see also* 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3727, at 166-68 (3d ed. 1998)).

13

38.     As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon JCI are being filed and are attached here as **Exhibit F**.

39.     Pursuant to 28 U.S.C. § 1446(d), JCI is filing written notice of this Notice of Removal with the Court of Common Pleas of Northampton County, Pennsylvania concurrently with the filing of this Notice of Removal and will serve the same on counsel of record.  A copy of the Notice of Filing Notice of Removal (without exhibits) is attached as **Exhibit G**.

40.     A court cannot remand a properly removed case for discretionary or policy reasons, such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Prods., Inc. v. Hermansdorfer* (1976) 423 U.S. 336.  The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not narrow nor limited, and it should not be frustrated by a narrow or grudging interpretation.  *Willingham v. Morgan*, 395 U.S. 402, 405 (1969).

41.     If Plaintiff files a motion to remand this action, JCI respectfully requests an opportunity to respond more fully in writing, including submission of additional affidavits and authority.

42.     JCI reserves all of its defenses.

**WHEREFORE**, Defendant JCI requests that this Court assume jurisdiction over this matter on removal from the Court of Common Pleas of Northampton County, Pennsylvania

Dated: January 20, 2022

14

Respectfully Submitted,

**JOHN CRANE INC.**


By:     _/s/ Tiffany F. Turner_
         Attorneys for Defendant
         **John Crane Inc.**

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 20, 2022, I electronically filed the foregoing Notice of

Removal with the Clerk of Court using the CM/ECF system.

*/s/ Tiffany F. Turner*

**EXHIBIT A**



# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ Northampton _____ County


For Prothonotary Use Only:

Docket No:  **C-48-AB-2021-00009**

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Martin M. Howard | Air & Liquid Systems Corporation, et al. |

| **Are money damages requested?** ☒ Yes   ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| **Is this a *Class Action Suit*?**   ☐ Yes   ☒ No | **Is this an *MDJ Appeal*?**   ☐ Yes   ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Lauren S. Linsenbach, Esq. & Jason B. Duncan, Esq.

☐   **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☒ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - ASBESTOS
ASBESTOS LITIGATION - FILING COVER SHEET

A. Document being filed:

    1-    Civil Cover Sheet - Complaint in Civil Action - Asbestos

B. Docketing of Document:

    1-    Please designate appropriate Master File for *docketing* of document:

        _____ Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

        _____ Asbestos: Trades Master File, No. C00048AB200000003

        \_\_X\_\_ Asbestos: General Master File, No. C0048AB200000004

    2-    Please designate appropriate individual claimant's file. If any, for *docketing* of document-type in caption and term number.

    Martin M. Howard v. Air & Liquid Systems Corporation, et al. No. C-48-AB-2021-

C. Filing of Document:

    2-    Please designate appropriate Master File for *filing* of document-type in caption and term number.

        _____ Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

        _____ Asbestos: Trades Master File, No. C00048AB200000003

        \_\_X\_\_ Asbestos: General Master File, No. C00048AB200000004

    3-    Please designate appropriate individual claimant's file. If any, for *docketing* of document-type in caption and term number.

    Martin M. Howard v. Air & Liquid Systems Corporation, et al. No. C-48-AB-2021-

D. Related Cases

    If document pertains to ten or more asbestos cases but less than all cases, please attach a list of all related cases listing the captions and docket numbers to which the original document pertains.

| | |
|---|---|
| By: | Lauren S. Linsenbach, Esquire |
| Attorney For: | Plaintiffs |
| Address: | PMB 332 |
| | 3440 Lehigh Street |
| | Allentown, PA 18103 |
| Telephone: | (610) 866-3333 |
| Supreme Court I.D.: | # 326818 |

I hereby certify this is a true and correct copy of the original. *[signature]*

**LAW OFFICES OF PETER G. ANGELOS, P.C.**
PMB 332
3440 Lehigh Street
Allentown, PA 18103
(610) 866-3333



## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY - PENNSYLVANIA
## CIVIL DIVISION - ASBESTOS

| | | |
|---|---|---|
| Martin M. Howard, | * | No. C-48-AB-2021-00009 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION - ASBESTOS |
| | * | JURY TRIAL DEMANDED |
| Air and Liquid Systems Corporation, et al., | * | |
| | * | |
| Defendants. | * | |

### **NOTICE**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

NORTHAMPTON COUNTY BAR ASSOCIATION
ATTORNEY REFERRAL AND INFORMATION SERVICE
155 South Ninth Street
Easton, PA 18042-4399
Telephone: (610) 258-6333

COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA
2021 DEC 14 A 11:42

# IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

## CIVIL DIVISION - ASBESTOS

)

| | |
|---|---|
| Martin M. Howard<br>3470 Route 46<br>Smethport, PA 16749 | \*  No. C-48-AB-2021-<br>\* |
| Plaintiff,<br>v. | \*<br>\*<br>\* |
| Air and Liquid Systems<br>Corporation as Successor-by-merger<br>to Buffalo Pumps<br>c/o Corporation Service Company<br>2595 Interstate Drive<br>Suite 103<br>Harrisburg, PA 17110 | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |
| and | \*<br>\* |
| Bayer Cropscience, Inc,<br>f/k/a Amchem Products, Inc.<br>800 N. Lindbergh Blvd<br>St. Louis, MO 63167 | \*<br>\*<br>\*<br>\* |
| and | \*<br>\* |
| CBS Corporation, a Delaware Corporation,<br>f/k/a Viacom, Inc., successor by merger to<br>CBS Corporation, a Pennsylvania Corporation,<br>f/k/a Westinghouse Electric Corporation<br>c/o Asbestos Litigation Support Manager,<br>Eckert, Seamans, Cherin & Mellot<br>LLC, Case Management and Technology Center<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219 | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |
| and | \*<br>\* |
| Cleaver Brooks, Inc.<br>c/o Corporation Service Company<br>2595 Interstate Drive<br>Suite 103<br>Harrisburg, PA 17110 | \*<br>\*<br>\*<br>\*<br>\* |

FILED
2021 DEC 14 A 11:42
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

and                                                        *
                                                           *
Columbus McKinnon Corporation                              *
Attn: Legal Department                                     *
205 Crosspoint Pkwy                                        *
Getzville, NY 14068                                        *
                                                           *
        and                                                *
                                                           *
Cooper Industries LLC,                                     *
Individually and as successor-in-interest                  *
To Crouse-Hinds Co.                                        *
Wolf & 7th North Street                                    *
PO Box 4999                                                *
Syracuse, NY 13221                                         *
                                                           *
        and                                                *
                                                           *
Corning, Inc., on behalf of its former                     *
Cohart Refractories Business Division                      *
Corporation Service Company                                *
2595 Interstate Drive, Suite 103                           *
Harrisburg, PA 17110                                       *
                                                           *
        and                                                *
                                                           *
Crane Company                                              *
100 First Stamford Place                                   *
Stamford, CT 06902                                         *
                                                           *
        and                                                *
                                                           *
Eaton Corporation, as successor in-interest to             *
Cutler-Hammer, Inc.,                                       *
n/k/a Eaton Electrical, Inc.                               *
c/o CT Corporation System                                  *
600 N. 2nd Street, Suite 401                               *
Harrisburg, PA 17101                                       *
                                                           *
        and                                                *
Ford Motor Company                                         *
c/o CT Corporation Systems                                 *
600 N. 2nd Street, Suite 401                               *
Harrisburg, PA 17101                                       *
                                                           *
        and                                                *
                                                           *

Foseco, Inc.                                      *
c/o C.T. Corporation                              *
Corporation Trust Center                          *
1209 N. Orange Street                             *
Wilmington, DE 19801                              *
                                                  *
        and                                       *
                                                  *
Foster-Wheeler LLC                                *
Survivor to a merger with Foster Wheeler          *
Corporation                                       *
53 Frontage Road                                  *
PO Box 9000                                       *
Hampton, N.J. 08827-9000                          *
                                                  *
        and                                       *
                                                  *
General Electric Company                          *
C.T. Corporation System                           *
155 Federal St., Suite 700                        *
Boston, MA 02110                                  *
and                                               *
CT Corporation Systems                            *
600 N. 2nd Street, Suite 401                       *
Harrisburg, PA 17101                              *
                                                  *
        and                                       *
                                                  *
Genuine Parts Co., a/k/a Napa Auto Parts,         *
CT Corporation System                             *
600 N. 2nd St., Suite 401                          *
Harrisburg, PA 17101                              *
                                                  *
        and                                       *
                                                  *
Goodrich Corporation                              *
f/k/a The B.F. Goodrich Co.                       *
2730 W. Tyvola Road                               *
Charlotte, NC 28217                               *
                                                  *
        and                                       *
                                                  *
The Goodyear Tire & Rubber Company                *
c/o Corporation Service Company                   *
251 Little Falls Drive                            *
Wilmington, DE 19808                              *
                                                  *

and                                                         *
                                                            *
Goulds Pumps, LLC                                           *
f/k/a Goulds Pumps, Inc.                                    *
C.T. Corporation                                            *
Corporation Trust Center                                    *
1209 N. Orange Street                                       *
Wilmington, DE 19801                                        *
                                                            *
        and                                                 *
                                                            *
Greene, Tweed & Co., Inc.                                   *
201 S. Tryon Street                                         *
Suite 950                                                   *
Charlotte, NC 28202                                         *
                                                            *
        and                                                 *
                                                            *
GTE Operations Support Inc.,                                *
Successor in interest to GTE products                       *
Of Connecticut Corp.,                                       *
(Clark Controller Co.)                                      *
C.T. Corporation                                            *
Corporation Trust Center                                    *
1209 N. Orange Street                                       *
Wilmington, DE 19801                                        *
                                                            *
        and                                                 *
                                                            *
H.B. Fuller Company                                         *
1200 Willow Lake Boulevard                                  *
P.O. Box 64683                                              *
St. Paul, MN 55164-0683                                     *
                                                            *
        and                                                 *
                                                            *
Hajoca Corporation                                          *
Corporation Service Company                                 *
2595 Interstate Drive, Suite 103                            *
Harrisburg, PA 17110                                        *
                                                            *
        and                                                 *
                                                            *
Hobart Brothers LLC                                         *
400 Trade Square E.                                         *
Troy, OH 45373                                              *

Case 2:22-cv-00255-R Document 1 Filed 01/20/22 Page 27 of 80

and                                                        *
                                                           *
Holman Automotive Group, Inc.                              *
a/k/a Holman Enterprises                                    *
c/o Melinda K. Holman                                      *
244 East Kings Highway                                     *
Maple Shade, NJ 08052                                      *
                                                           *
        and                                                *
                                                           *
Honeywell International, Inc.,                              *
as successor to Allied Signal, Inc.,                       *
successor to Bendix Corporation                            *
Corporation Service Company                                *
251 Little Falls Drive                                     *
Wilmington, DE 19808                                       *
                                                           *
        and                                                *
                                                           *
Industrial Holdings Corp.                                  *
f/k/a Carborundum Company                                  *
Prentice Hall Corp.                                        *
80 State Street                                            *
Albany, NY 12207                                           *
                                                           *
        and                                                *
                                                           *
J.H. France Refractories Company                           *
c/o Alan Parker, President                                 *
Special Claims Services, Inc.                              *
790 Fairgrounds Road, Suite 100                            *
Mount Vernon, Ohio 43050                                   *
                                                           *
        and                                                *
                                                           *
John Crane, Inc.                                           *
f/k/a Crane Packing Company                                *
CT Corporation System                                      *
600 N. 2nd St., Suite 401                                  *
Harrisburg, PA 17101                                       *
        and                                                *
                                                           *
Keeler/Dorr-Oliver Boiler                                  *
Company, Inc.                                              *
1201 N. Market St., Suite 900                              *
Wilmington, DE 19801                                       *

and      *

         *

Morgan Engineering     *

f/k/a Morgan Crane      *

1049 South Mahoning Avenue   *

Alliance, OH 44601      *

         *

and      *

         *

Morse TEC LLC,      *

f/k/a BorgWarner Morse TEC LLC,   *

and successor-by-merger to    *

Borg-Warner Corporation     *

CT Corporation       *

Corporation Trust Center     *

1209 N. Orange Street      *

Wilmington, DE 19801     *

         *

and      *

         *

Norca Industrial Company, LLC   *

One Hollow Lane, Suite 200    *

Lake Success, NY 11042     *

         *

and      *

         *

The Okonite Company     *

P.O. Box 340       *

102 Hilltop Road      *

Ramsey, NJ 07446      *

         *

and      *

         *

The Pep Boys – Manny, Moe, & Jack   *

c/o Jennifer W. Darger, Esq.    *

Darger Errante Yavitz & Blau LLP   *

116 East 27th Street at Park Ave, 12th Floor,   *

Suite 401        *

New York, NY 10016     *

         *

and      *

         *

Pneumo-Abex LLC,                                    *
Successor-in-Interest to Abex Corp.                 *
Corporation Service Co.                             *
2595 Interstate Dr.                                 *
Suite 103                                           *
Harrisburg, PA 17110                                *
                                                    *
        and                                         *
                                                    *
Reading Crane & Engineering Company                 *
Lincoln Corporate Center                            *
11 Vanguard Drive                                   *
Reading, PA 19606                                   *
                                                    *
        and                                         *
                                                    *
Reunion Industries, Inc                             *
f/k/a Alliance Machines                             *
Corporation Service Co.                             *
251 Little Falls Drive                              *
Wilmington, DE 19808                                *
                                                    *
        and                                         *
                                                    *
RSCC Wire & Cable Company LLC                       *
20 Bradley Park Road                                *
East Granby, CT 06026                               *
                                                    *
        and                                         *
                                                    *
Saint-Gobain Abrasives, Inc.                        *
(f/k/a Norton Company)                              *
1 New Bond Street                                   *
Worcester, MA 01615                                 *
                                                    *
        and                                         *
                                                    *
Schneider Electric USA, Inc.                        *
f/k/a Square D Company                              *
200 N. Martingale Rd, Suite 100                     *
Schaumburg, IL 60173                                *
                                                    *
        and                                         *
                                                    *
Terex Corporation                                   *
200 Nyala Farms Rd.                                 *
Westport, CT 06880                                  *

and

Union Carbide Corporation
c./o C.T. Corporation System
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

and

Universal Refractories
A Division of Thiem Corporation
Three Rivers Management
600 River Avenue, Suite 200
Pittsburgh, PA 15212

and

Warren Pumps, LLC
CT Corporation
Corporation Trust Center
1209 N. Orange Street
Wilmington, DE 19801

and

The Marley-Wylain Co.,
f/k/a Weil-McLain
500 Blaine Street
Michigan City, IN 46360-2388

and

Mead Westvaco Corporation
MWV World Headquarters
501 South 5th Street
Richmond VA 23219
John A. Lulce, Jr.
Chairman CEO
MWV World Headquarters
501 South 5th Street
Richmond, VA 23219

and

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

DCo, LLC, f/k/a Dana Company,                    *
Individually and as Successor in Interest        *
to Victor Mfg and Gasket Co.                     *
4100 Bennett Road                                *
Toledo, OH 43601                                 *
VA Registered Agent                              *
CT Corporation System                            *
4701 Cox Road, Suite 285                         *
Glen Allen, VA 23060                             *
                                                 *
     and                *
                                                 *
Mastercraft Auto Parts & Glass                   *
606 E. Main Street                               *
Bradford, PA 16701                               *
                                                 *
     and                *
                                                 *
Cantwell-Johnson, Inc.                           *
434 E. Main Street                               *
Bradford, PA 16701                               *
                                                 *
     and                *
                                                 *
Bradford Fairway Sales and Leasing, Inc.         *
d/b/a Bradford Fairway Ford and Bradford         *
Chrysler Dodge Jeep Ram                          *
472 E. Main Street                               *
Bradford, PA 16701                               *
                                                 *
                                                 *
     Defendants.         *

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Howard Martin, Plaintiff, through his attorneys, sue the Defendants captioned above and hereby adopt and incorporate all relevant portions of the Master Complaint and by reference the causes of action and paragraphs set forth in the Master Complaint as follows: General/Other Master File No. C0048AB200000004.

Plaintiff Martin M. Howard

**INTRODUCTION** - Paragraphs 1-5;

1.  **COUNT ONE - STRICT LIABILITY** - Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11;

2.  **COUNT TWO - BREACH OF WARRANTY** - Paragraphs 12, 13, and 14;

3.  **COUNT THREE - NEGLIGENCE** - Paragraphs 15, 16, 17, 18 and 19;

4.  **COUNT FOUR - FRAUD** - Paragraphs 20, 21, 22, 23, 24 and 25;

5.  **COUNT FIVE - CONSPIRACY** - Paragraphs 26, 27, 28, 29 and 30;

## ADDITIONAL INFORMATION
## SHORT FORM COMPLAINT

The following information is provided pursuant to Master Procedural Order No. 1, entered by the Court on December 29, 1999;

6.  Plaintiff, Martin M. Howard, Date of Birth, 7/10/38, SS# XXX-XX-7643 an adult who resides at 3470 Route 46, Smethport, Pennsylvania, 16749.

7.  Plaintiff, Howard M. Martin was diagnosed with pleural mesothelioma on October 14, 2021.

8.  Plaintiff's time period of exposure to asbestos dust and fibers was from approximately 1955 to 1989. Plaintiff had various occupations listed on "Exhibit 1" during this time period.

9.  Plaintiff was employed by various employers and worked at various locations listed on "Exhibit No. 1".

10. Plaintiff claims no wage loss at this time.____

## DEMAND FOR JURY TRIAL

Plaintiff elects to have his case tried before a jury.

LAW OFFICES OF PETER ANGELOS, P.C.

By: _____

Lauren S. Linsenbach
I.D.#326818
Jason B. Duncan
I.D.#87946
Attorneys for Plaintiffs

# EXHIBIT NO. 1

| YEAR | JOBSITE | EMPLOYER |
|------|---------|----------|
| 1955 – 1958 | U.S. Navy | U.S. Navy<br>Various Locations |
| 1958 – 1962 | Bethlehem Steel | Bethlehem Steel<br>Lackawana, NY |
| 1962 - 1966 | GL Carlson | GL Carlson<br>Turtle Point, PA |
| 1966 – 1972 | Pittsburgh Corning Co. | Pittsburgh Corning Co.<br>Port Allegany, PA |
| 1972 – 1974 | Wooster Motor Lines | Wooster Motor Lines<br>Wooster, OH |
| 1974 – 1976 | Halliburton Services | Halliburton Service<br>Bradford, PA |
| 1976 – 1989 | Howard Auto Repair | Howard Auto Repair<br>Bradford, PA |

# VERIFICATION

I, **Martin M. Howard**, hereby certify that I am a Plaintiff in the

instant matter and the facts contained in the foregoing Complaint are

true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. §4904

relating to unsworn falsification to authorities.

Date: 12/14/2021

Martin Howard

**Martin M. Howard**

**EXHIBIT B**

REPRODUCED AT THE NATIONAL ARCHIVES

Authority *NND 974382*
By ⎙ NARA Date *06/16/08*

MIL-A-17472(NAVY)
12 February 1953
SUPERSEDING
HH-P-0046(NAVY SHIPS)
1 May 1952

## MILITARY SPECIFICATION

### ASBESTOS SHEET COMPRESSED (PACKING MATERIAL)

(All interested bureaus of the Navy Department have concurred in the use of this specification for purchase.)

1. SCOPE

1.1 This specification covers symbol 2150 compressed asbestos sheet packing material used as a gasket joint sealing material for steam, hot and cold water or brine, air and gases, and oils.

2. APPLICABLE SPECIFICATIONS, STANDARDS, DRAWINGS, AND PUBLICATIONS

2.1 The following specifications and standards, of the issue in effect on date of invitation for bids, form a part of this specification:

SPECIFICATIONS

  FEDERAL
    NN-B-591 - Boxes; Fiberboard, Wood-Cleated (for Domestic Shipment).
    NN-B-601 - Boxes; Wood-Cleated-Plywood, for Domestic Shipment.
    NN-B-621 - Boxes; Wood, Nailed and Lock-Corner.
    ZZ-R-601 - Rubber Goods; General Specification (Methods of Physical Tests and Chemical
          Analyses).
    LLL-B-631 - Boxes; Fiber, Corrugated (for Domestic Shipment).
    LLL-B-636 - Boxes; Fiber, Solid, (for Domestic Shipment).

  MILITARY
    JAN-P-105 - Packaging and Packing for Overseas Shipment - Boxes, Wood, Cleated-Plywood.
    JAN-P-106 - Packaging and Packing for Overseas Shipment - Boxes, Wood, Nailed.
    JAN-P-125 - Packaging and Packing for Overseas Shipment - Barrier-Materials, Waterproof,
          Flexible.
    JAN-P-132 - Packaging and Packing for Overseas Shipment - Crates; Unsheathed, Wood
          Nailed (for Maximum Net Load of 2,500 Pounds).
    MIL-A-140 - Adhesive, Water-Resistant, Waterproof Barrier-Material.
    MIL-L-10547 - Liners, Case, Waterproof.

  NAVY DEPARTMENT
    General Specifications for Inspection of Material.

STANDARDS

  MILITARY
    MIL-STD-129 - Marking of Shipments.

(Copies of specifications, standards, and drawings required by contractors in connection with specific procurement functions should be obtained from the procuring agency or as directed by the contracting officer.)

REPRODUCED AT THE NATIONAL ARCHIVES

Authority *NND 974382*
By *M* NARA Date *06/16/09*

MIL-A-17472(NAVY)

2.2. <u>Other publications.</u> - The following publications, of the issue in effect on date of invitation for bids, unless otherwise stated, form a part of this specification:

CONSOLIDATED FREIGHT CLASSIFICATION COMMITTEE
Consolidated Freight Classification - Ratings, Rules and Regulations.

(Application for copies should be addressed to the Consolidated Freight Classification Committee, 202 Chicago Union Station, Chicago 6, Ill.)

AMERICAN TRUCKING ASSOCIATION, INC.
Motor Freight Classification Rules.

(Application for copies should be addressed to the Issuing Officer, American Trucking Association, Inc. 1424 16th St., N. W., Washington 6, D. C.)

3. REQUIREMENTS

3.1 <u>Qualification.</u> - Compressed asbestos sheet furnished under this specification shall be a product which has been tested and has passed the qualification tests specified in section 4 (see 6.2).

3.2 <u>Material.</u> - The compressed asbestos sheet shall be made of asbestos fiber, natural or synthetic rubber, or a mixture of the two, sulphur, and suitable mineral fillers.

3.2.1 <u>Asbestos fiber.</u> - The asbestos fiber shall be chrysotile and shall contain not less than 12 percent water of crystallization.

3.2.2 <u>Rubber compound.</u> - The rubber compound shall be free from substances which may injuriously affect the quality.

3.3 <u>Construction.</u> - The asbestos sheet shall be thoroughly and evenly mixed to the required consistency and compressed into a sheet of compact and uniform texture either cross-laminated or single-ply.

3.4 <u>Asbestos fiber and rubber content.</u> - The compressed asbestos sheet shall contain not less than 70 percent by weight, of asbestos fiber, and not less than 10 percent by weight, of rubber.

3.5 <u>Thickness and weight.</u> - The thickness and weight of the finished compressed asbestos sheet shall be as shown in table I as specified (see 6.1).

Table I - Thickness and weight

| Thickness | Weight, minimum |
|---|---|
| Inch | Pounds per square year |
| 1/64 | 0.8 |
| 1/32 | 2.0 |
| 1/16 | 4.0 |
| 3/32 | 6.0 |
| 1/8 | 8.0 |
| 3/16 | 12.0 |
| 1/4 | 16.0 |

2

REPRODUCED AT THE NATIONAL ARCHIVES

Authority NND 974382
By [M] NARA Date 06/16/09

MIL-A-17472(NAVY)

3.5.1 <u>Thickness tolerances.</u> - The permissible tolerances in thickness shall be as shown in table II.

Table II - Thickness tolerances.

| Thickness | : | Tolerance |
|---|---|---|
| Inch | : | |
| 1/64 | : | +0.005 inch; -0.002 inch |
| 1/32 | : | +0.005 inch |
| 1/16 and over | : | ±10 percent |

3.6 <u>Tensile strength.</u> - The average tensile strength of sheets 1/32 inch and thicker shall not be less than 3500 pounds per square inch (p.s.i.). Single ply sheets 1/64 inch thick shall have a minimum average tensile strength of 1200 p.s.i. in the weakest direction and an average tensile strength of both the longitudinal and transverse directions of not less than 2,000 p.s.i. (see 4.5.1).

3.7 <u>Solvents.</u> - The finished sheet shall be free of gasoline or other solvents used in the process of manufacture.

3.8 <u>Graphite.</u> - Unless otherwise specified (see 6.1), the finished sheets shall not be lubricated or graphited.

3.9 <u>Simulated performance.</u> - The compressed asbestos sheet shall pass the simulated performance test specified in 4.5.3. The compressed asbestos sheet upon completion of the test shall be in satisfactory condition.

3.10 <u>Branding.</u> - Every square foot, or less, of the asbestos sheet shall be plainly marked with the manufacturer's brand name.

3.11 <u>Workmanship.</u> - Workmanship shall be first class in every respect. The asbestos sheet shall have smooth surfaces and shall be free from imperfections.

4. SAMPLING, INSPECTION, AND TEST PROCEDURES

4.1 <u>Inspection procedures.</u> - For Naval purchases, the general inspection procedures shall be in accordance with General Specifications for Inspection of Material.

4.2 <u>Qualification tests at a Government laboratory.</u> - Qualification tests shall be conducted at a Government laboratory designated by the Bureau of Ships. These tests shall consist of the tests specified in 4.5.

4.3 <u>Sampling.</u> - Three pieces of finished compressed asbestos sheet, 12 inches square, shall be taken at random from each lot of 2,000 pounds or less of each thickness offered for delivery for inspection and tests as specified in 4.4 and 4.5.1 to 4.5.2.5.

4.4 <u>Inspection.</u> - Compressed asbestos sheet shall be inspected with respect to workmanship, construction, dimensions, branding, packing, and marking.

4.5 <u>Tests.</u> - Unless otherwise specified hereinafter, tests shall be in accordance with the applicable methods specified in Specification ZZ-R-601.

4.5.1 <u>Tensile strength.</u> - Specimens 1/2 inch wide by 6 inches long shall be used, with a 3-inch length of specimen between the jaws. The testing machine shall be operated at a rate of separation of the grips of 12 ± 1 inches per minute. Three specimens shall be cut lengthwise of the sheet (longitudinal) and three specimens at right angles thereto (transverse). All specimens shall be conditioned at 212°F. for

3

REPRODUCED AT THE NATIONAL ARCHIVES

Authority *NND 974382*

By *M* NARA Date *06/16/09*

MIL-A-17472(NAVY)

1 hour and cooled to room temperature in a desiccator before testing. The average of the results of six specimens shall be used to determine the average tensile strength. The average of the results of three specimens from one direction of the asbestos sheet shall be the average tensile strength of the asbestos sheet in that direction.

### 4.5.2 Chemical analysis. -

4.5.2.1 Preparation of sample for analysis. - Small strips or cross-sections shall be cut from various parts of the sample so as to be representative of the sample. The specimen shall be split with the aid of a knife to produce relatively thin layers of material in order to increase the surface area.

### 4.5.2.2 Lubricant (graphite) when specified. -

4.5.2.2.1 A 1 to 3 gram specimen shall be weighed accurately and placed in a siphon cup without a filter thimble. If graphite is present, a few milliliters of chloroform shall be added to the cup and agitated gently to dislodge the bulk of the graphite, which shall be removed by decanting into the extraction flask. This is done to prevent the siphon cup from becoming plugged. Two or three treatments are usually sufficient to remove most of the graphite which shall be collected in the extraction flask along with the chloroform soluble material. The siphon cup shall then be assembled in the extraction flask, sufficient chloroform added to bring the volume up to about 50 milliliters, and the extraction shall be continued in the usual manner for a period of 2 hours.

4.5.2.2.2 The extracted material shall then be transferred to a watch glass and permitted to air dry. When dry, the fibers shall be carefully separated, and the remaining graphite carefully brushed off and collected on the watch glass, then added to the extraction flask. The residue shall be reserved for subsequent determinations.

4.5.2.2.3 The chloroform shall be distilled from the extraction flask on a steam bath, using a gentle stream of filtered air to prevent boiling. The flask shall then be dried for 1 hour at 105° Centigrade (C.), cooled in a desiccator and weighed.

### 4.5.2.2.4 Calculation. -

$$\text{Lubricant, percent} = \frac{L}{S} \times 100$$

Where $L$ = weight of graphite and soluble material
$S$ = weight of specimen

### 4.5.2.3 Rubber. -

4.5.2.3.1 After removal of the lubricant, the specimen shall be placed in a 125 milliliter (m$\ell$.) lipped assay flask or a 250 m$\ell$. Erlenmeyer flask fitted with a standard taper and an air condenser. Ten grams of paranitrotoluene and 25 m$\ell$. of orthodichlorobenzene shall be added, and the mixture heated to 180 to 190°C. on a hot plate under a hood with occasional stirring until the rubber dissolves. From 4 to 10 hours are usually sufficient to effect solution.

4.5.2.3.2 The flask and contents shall be cooled, 10 m$\ell$. of chloroform added, and the mixture decanted through a 100 mesh screen. The residue shall be washed with chloroform until the insoluble fillers are removed as indicated by a clear filtrate. If undissolved rubber remains, the fibers shall be returned to the digestion flask and the treatment with paranitrotoluene and orthodichlorobenzene repeated.

4.5.2.3.3 The filtrates and wash solutions shall be combined and poured through a portion of the sieve that is free of fibers in order to collect any fibers that may have passed through previously. The fibers shall then be transferred to a siphon cup and extracted for 1 hour with chloroform, dried at 105°C. for 1 hour, cooled and weighed.

4

REPRODUCED AT THE NATIONAL ARCHIVES

Authority NND 974382
By ⊔ NARA Date 06/16/09

MIL-A-17472(NAVY)

4.5.2.3.4 Calculation.-

Asbestos fibers, percent = $\frac{F}{S}$ x 100

Rubber content, percent = 100-A-B
    Where F = weight of fibers
          S = weight of specimen
          A = percent fibers
          B = percent lubricant

4.5.2.4 Chemically combined water.- A specimen of approximately 1 gram shall be taken from the fibrous material which has been treated as required in 4.5.2.3.3. It shall be dried for 1 hour in a platinum crucible at a temperature of 105 to 110°C., cooled in a desiccator and again weighed. The specimen and crucible shall be ignited in an electric furnace at a temperature of 800 to 825°C., or over a blast lamp, to a constant weight.

4.5.2.4.1 Calculation.-

Chemically combined water, percent = $\frac{S-R}{S}$ x 100

            Where R = weight of specimen after ignition
                  S = weight of specimen before ignition

4.5.2.4.2 Two specimens shall be tested. The average of the results obtained from the two specimens shall be the chemically combined water of the sample.

4.5.2.5 Cotton, asbestos and chemically combined water.- If the fibrous material contains cotton or other organic materials as indicated by nonconformance to 3.2.1 it may be determined as follows: The asbestos content of the fibrous material which has been treated as specified in 4.5.2.3 shall be determined by the combustion procedure for cotton and asbestos. If graphite, carbon black, or other material insoluble in the paranitrotoluene - orthodichlorobenzene mixture remains on the fibers, the combustion method will not give reliable results, and in such cases the results obtained shall be considered to be approximations.

4.5.2.5.1 A specimen weighing approximately 1 gram shall be taken from the fibrous material (see 4.5.2.3). It shall be placed in a porcelain or platinum combustion boat, dried for 1 hour at a temperature of 105° to 110°C., cooled in a desiccator and weighed. The dried specimen in the boat shall be inserted in the combustion tube of an electric organic combustion furnace. The specimen shall be maintained at a temperature of 900 ± 50°C. for approximately 30 minutes or until combustion of the cotton is complete. During the combustion period a current of oxygen (carbon dioxide free) shall be passed through the combustion tube at a rate of approximately 200 milliliters per minute. The combustion gases shall be passed through either two U-tubes containing calcium chloride or through a drying tube containing anhydrous magnesium perchlorate or calcium sulphate to remove the moisture; and finally the gases shall be passed into either a weighed Vanier or similar absorption bulb containing a strong solution of caustic potash, or in a weighed carbon dioxide absorption bulb containing a sodium hydroxide impregnated base (the absorbent having the trade name "ascarite" is of this type) to absorb the carbon dioxide. Three-elevenths of the increase in weight of the Vanier or other carbon dioxide absorption bulb shall represent the weight of the carbon in the asbestos. This shall be 44.40 percent of the cotton. These factors may be combined to give a constant of 0.614. When the combustion has been completed, the absorption tube shall be weighed, and the combustion boat containing the ignited residue shall be removed from the furnace, cooled in a desiccator and weighed.

5

REPRODUCED AT THE NATIONAL ARCHIVES

Authority *NND 974382*
By *M* NARA Date *06/11/09*

MIL-A-17472(NAVY)

4.5.2 5.2 Calculation. -

Cotton, percent = $\frac{61.4}{E}$ x C

Asbestos in fiber, percent = 100 - percent cotton
Ignited asbestos, percent = $\frac{R}{E}$ x 100

Chemically combined water of asbestos, percent = $\frac{D-B}{D}$ x 100

Asbestos in sample, percent = $\frac{F \times D}{S}$ x 100

> Where E = weight of specimen of fiber
> C = weight of carbon dioxide absorbed
> R = weight of residue after ignition
> B = ignited asbestos, percent
> D = asbestos in fiber, percent
> F = weight of fiber in specimen (see 4.5.2.3.3).
> S = weight of specimen

4.5.2.5.3 Two specimens shall be tested. The average of the results obtained from the two specimens shall be the asbestos content of the sample.

4.5.3 Simulated performance. - The test shall be conducted in a pipe flange gasket test apparatus consisting of 6 inch piping made up of 30 inch lengths, fitted with raised face flanges in such a manner to provide seven joints. A small steam line extending through the center of the entire length of the apparatus affords a means of obtaining the desired temperatures within the apparatus. Calibrated mercury glass thermometers are placed in thermometer wells and pressure gages connected to the apparatus to measure the temperature and pressure within the apparatus. Readings of the thermometers and pressure gages shall be recorded three times a day. Gaskets shall be cut from the packing sheet to fit the flanges. In order to prevent adherence of the packing to the flange faces, the gaskets shall be coated with powdered graphite prior to their installation for the test. Any leakage of steam, oil or water occurring from any joint during the test shall be noted and, if possible, checked and stopped. The gaskets shall be subjected to the following conditions:

(a) Saturated steam, 300 p.s.i. gage pressure for 2 weeks.
(b) Fuel, oil, 300 p.s.i. gage, hydrostatic pressure, 150°F. temperature for 2 weeks.
(c) Salt water, 300 p.s.i. gage, hydrostatic pressure, 150°F. temperature for 2 weeks.
(d) Open all vents and allow air to circulate through the apparatus at 110° to 120°F. for 3 days.
(e) The above steps shall be repeated until four cycles of each condition have been completed.

5. PREPARATION FOR DELIVERY

5.1 Packing. -

5.1.1 For domestic shipment - immediate known use. - When specified in the contract or order, compressed asbestos sheet shall be packed in accordance with the Consolidated Freight Classification Ratings, Rules and Regulations or Motor Freight Classification Rules, whichever may be applicable. When fiberboard is used for container construction, the Mullen test shall be no less than 275 pounds.

5.1.2 For domestic shipment and storage. - Unless otherwise specified, (see 6.1), compressed asbestos sheet shall be packed as follows:

5.1.2.1 Compressed asbestos sheet, in thicknesses up to and including 1/16 inch thick, shall be furnished in rolls and packed in wood-cleated-fiberboard, wood-cleated plywood, nailed wood, corrugated or solid fiberboard boxes conforming to Specification NN-B-591, NN-B-601, NN-B-621, LLL-B-631 or LLL-B-636, respectively. The gross weight of wood boxes shall not exceed 200 pounds, of fiberboard boxes 70 pounds.

REPRODUCED AT THE NATIONAL ARCHIVES

Authority NND 974382
By [initials] NARA Date 06/16/08

MIL-A-17472(NAVY)

5.1.2.2  Compressed asbestos sheet in thicknesses exceeding 1/16 inch shall be furnished in flat sheets and packed in unsheathed crates conforming to Specification JAN-P-132, and shrouded in accordance with the appendix thereto.  The gross weight shall not exceed 500 pounds.

5.1.3  For overseas shipment. - When specified (see 6.1), compressed asbestos sheet shall be packed as follows:

5.1.3.1  Compressed asbestos sheet, in thicknesses up to and including 1/16 inch thick, shall be furnished in rolls and packed in wood cleated plywood or nailed wood boxes conforming to style A or B of Specification JAN-P-105, or style 2 or 4 of Specification JAN-P-106, respectively.  Each box shall be lined with a liner conforming to Specification MIL-L-10547 and sealed in accordance with the appendix thereto.  The gross weight shall not exceed 150 pounds.

5.1.3.2  Compressed asbestos sheet, in thicknesses exceeding 1/16 inch shall be furnished in flat sheets and packed in crates conforming to Specification JAN-P-132.  Contents shall be wrapped within a waterproof bag made of material conforming to Specification JAN-P-125.  Seams and closure shall be sealed with an adhesive conforming to Specification MIL-A-140, and shall have water-resistance equal to that of the body material.  The gross weight shall not exceed 500 pounds.

5.2  Marking. - In addition to any special marking required by the contract or order, shipments shall be marked in accordance with Standard MIL-STD-129.

6.  NOTES

6.1  Ordering data. -  Procurement documents should specify the following:

(a)  Title, number, and date of the specification.
(b)  Thickness required (see 3.5).
(c)  Whether finished sheet should be lubricated or graphited (see 3.8).
(d)  Whether domestic or overseas shipment is required; if domestic type required (5.1).

6.2  In the procurement of products requiring qualification, the right is reserved to reject bids on products that have not been subjected to the required tests and found satisfactory for inclusion on the Military Qualified Products List.  The attention of suppliers is called to this requirement, and manufacturers are urged to communicate with the Bureau of Ships, Navy Department, Washington 25, D. C., and arrange to have the products that they propose to offer to the Army, the Navy, or the Air Force, tested for qualification in order that they may be eligible to be awarded contracts or orders, for the products covered by this specification.  Information pertaining to qualification of products covered by this specification may be obtained from the Chief of the Bureau of Ships, Navy Department, Washington 25, D. C.

6.3  By using a number of rings of 1/16-inch asbestos sheet sufficient to fill the packing space in boiler blow-off valves, the individual rings will vulcanize into one solid ring and serve the same purpose as special molded rings.

6.4  Superseding data. -  This specification supersedes Specification HH-P-0046.  The latter superseded Navy Specification 33P13c.

Notice. -  When Government drawings, specifications, or other data are used for any purpose other than in connection with a definitely related Government procurement operation, the United States Government thereby incurs no responsibility nor any obligation whatsoever; and the fact that the Government may have formulated, furnished, or in any way supplied the said drawings, specifications, or other data, is not to be regarded by implication or otherwise as in any manner licensing the holder or any other person or corporation, or conveying any rights or permission to manufacture, use, or sell any patented invention that may in any way be related thereto.

Custodian:
    Bureau of Ships
Other interest:
    NAVY - ShAOrSY

7

**EXHIBIT C**

MIL-P-17303C(NAVY)
14 October 1955
SUPERSEDING
MIL-P-17303B(NAVY)
9 March 1953

## MILITARY SPECIFICATION

### PACKING MATERIALS,

### PLASTIC METALLIC AND PLASTIC NONMETALLIC

All interested Bureaus of the Department of the Navy have concurred in the use of this specification.



1.1 Scope. - This specification covers plastic metallic packings for rotary and reciprocating pumps handling steam, water, gas and oil; and plastic nonmetallic packings for high and low pressure valve stem and reciprocating rod saturated and superheated stem service for machinery on Naval vessels.

1.2 Classification. - The packing shall be of the following classes and types, as specified (see 6.1):

Class I - Plastic metallic, lead base:
    Type A - Bulk form, symbol 1431.
    Type B - Coil form, with or without cotton jacket, symbol 1433.
    Type C - Coil form, metal foil jacket, symbol 1434.
    Type D - Coil form, braided metal jacket, symbol 1432.
    Type E - Coil form, with or without cotton jacket, (gasoline service), symbol 1437.

Class II - Plastic nonmetallic:
    Type B - Coil form, cotton jacket, symbol 1106.
    Type C - Coil form, asbestos and nickel-copper wire jacket, symbol 1108.
    Type D - Coil form, with or without cotton jacket, (gasoline service), symbol 1109.
    Type E - Coil form, asbestos and nickel-chromium-iron alloy wire jacket, symbol 1111.

Class III - Plastic metallic, copper base:
    Type B - Coil form, cotton jacket, symbol 1439.

FED. SUP. CLASS
5330

GPO—O—NAV—26

01851

MIL-P-1730SC(NAVY)

2. APPLICABLE DOCUMENTS

2.1 The following specifications and standards, of the issue in effect on date of invitation for bids, form a part of this specification:

SPECIFICATIONS

FEDERAL
NN-B-591 - Boxes, Fiberboard, Wood-Cleated (for Domestic Shipment).
NN-B-621 - Boxes, Wood, Nailed and Lock-Corner.
LLL-B-631 - Boxes, Fiber, Corrugated (for Domestic Shipment).
LLL-B-636 - Boxes, Fiber, Solid (for Domestic Shipment).
PPP-B-566 - Boxes, Folding, Paperboard.
PPP-B-601 - Boxes, Wood, Cleated-Plywood.
PPP-B-676 - Boxes, Set-up, Paperboard.

MILITARY
JAN-P-103 - Packaging and Packing for Overseas Shipment - Boxes, Wood Cleated; Solid Fiberboard.
JAN-P-106 - Packaging and Packing for Overseas Shipment - Boxes, Wood, Nailed.
JAN-P-108 - Packaging and Packing for Overseas Shipment - Boxes, Fiberboard (V-Board and W-Board), Exterior and Interior.
MIL-L-10547 - Liners, Case, Waterproof.

NAVY DEPARTMENT
General Specifications for Inspection of Material.

STANDARDS

MILITARY
MIL-STD-129 - Marking for Shipment and Storage.

(Copies of specifications, standards, drawings, and publications required by contractors in connection with specific procurement functions should be obtained from the procuring agency or as directed by the contracting officer.)

2.2 Other publications. - The following documents form a part of this specification. Unless otherwise indicated, the issue in effect on date of invitation for bids shall apply.

AMERICAN SOCIETY FOR TESTING MATERIALS STANDARD
D471-46T - Methods of Tests for Rubber Products.

(Application for copies should be addressed to the American Society for Testing Materials, 1916 Race Street, Philadelphia 3, Pa.)

2

01852

MIL-P-17305(de..

CONSOLIDATED CLASSIFICATION COMMITTEE
Consolidated Freight Classification Rules.

(Application for copies should be addressed to the Consolidated Classification Committee, 202 Chicago Union Station, Chicago 6, Ill.)

3. REQUIREMENTS

3.1 Qualification.- Packing material furnished under this specification shall be a product which has been tested and has passed the qualification tests specified in section 4 (see 6.2).

3.2 Composition and construction.- The composition and construction shall conform to that of the sample submitted for qualification (see 4.2).

3.3 Size.- Packing shall be furnished in the sizes specified (see 6.1).

3.4 Binder.- The different components of type A and of the core of types B, C, D, and E shall be thoroughly mixed with a binder suitable for the temperature conditions for which the packing is required and shall be so held together by the binder as to prevent separation of the various parts.

3.5 Graphite.- Graphite, when used for lubrication, shall be a pure lubricating graphite.

3.6 Flexibility.- The packing shall be sufficiently flexible to be readily formed into coils to fit a rod of the diameter shown in table I (see 4.6.2).

Table I - Size of coils.

| Size of packing Inches | Rod diameter Inches |
|---|---|
| 1/8 to 1/4 | 2 |
| 5/16 to 5/8 | 3 |
| 11/16 to 13/16 | 4 |
| 7/8 and 1 | 8 |
| 1-1/8 | 9 |
| 1-1/4 | 10 |

3

01853

MIL-P-17303C(NAVY)

3.7 <u>Simulated performance.</u> - The packaging under initial conditions and during the progress of the simulated service tests specified in 4.5.3 shall respond readily to gland adjustment for the control of leakages from the stuffing box. The packing shall be in satisfactory condition upon completion of the tests.

3.8 <u>Class I, plastic metallic, lead base.</u> - The metal used for lead base packing shall not melt nor disintegrate at or below a temperature of 550°F. (see 4.5.4).

3.8.1 <u>Type A, symbol 1431.</u> - The packing shall be in bulk form.

3.8.2 <u>Type B, symbol 1433.</u> - The packing shall be continuous strips of approximately uniform cross section, partially compressed to prevent disintegration during application. It may be enclosed in a latticed cotton thread or knit cotton covering or may be furnished without a covering.

3.8.3 <u>Type C, symbol 1434.</u> - The packing shall be continuous strips of uniform cross section, completely enclosed in a metal covering consisting of not less than two ribbons. The metal ribbon shall be not less than 0.0023 inch thick.

3.8.4 <u>Type D, symbol 1432.</u> - The packing shall be continuous strips of uniform cross section, extruded into a braided wire jacket. The jacket shall be of copper wire not more than 0.008 inch in diameter.

3.8.5 <u>Type E, symbol 1437.</u> - The packing shall be continuous strips of approximately uniform cross section, partially compressed to prevent disintegration during application. It may be enclosed in a latticed cotton thread or knit cotton covering or may be furnished without a covering.

3.9 <u>Class II, plastic nonmetallic.</u> -

3.9.1 <u>Type B, symbol 1106.</u> - The packing shall be continuous strips of approximately uniform cross section, partially compressed to prevent disintegration during application, and enclosed in a latticed cotton thread or knit cotton covering.

3.9.2 <u>Type C, symbol 1108.</u> - The packing shall be continuous strips of uniform cross section, completely enclosed in a braided jacket composed of asbestos and nickel-copper wire. The packing shall contain two corrosion inhibitors.

3.9.2.1 <u>Corrosion resistance.</u> - Symbol 1108 packing shall not corrode 13 percent chrome steel valve stem when tested as specified in 4.5.5.

4

01854

MIL-P-17303C(NAVY)

3.9.3 Type D, symbol 1109.- The packing shall be continuous strips of approximately uniform cross section partially compressed to prevent disintegration during application. It may be enclosed in a latticed cotton thread or knit cotton covering or may be furnished without a covering.

3.9.4 Type E, symbol 1111.- The packing shall be continuous strips of uniform cross section, completely enclosed in a braided jacket composed of asbestos and nickel-chromium-iron alloy wire. The core of the packing shall contain not more than 20 percent, by weight, of corrosion inhibitor.

3.9.4.1 Pressure and temperature tests.- When the packing is installed in a stuffing box and tested as specified in 4.5.6, there shall be no leakage from the stuffing. The packing and the valve stem shall be in satisfactory condition upon conclusion of the tests.

3.9.4.2 Corrosion resistance.- Symbol 1111 packing shall not corrode 13 percent chrome steel valve stem when tested as specified in 4.5.5.

3.10 Class III, plastic metallic, copper base.- The metal for class III packing shall not melt nor disintegrate at or below a temperature of 1200°F. (see 4.5.4).

3.10.1 Type B, symbol 1439.- The packing shall be in continuous strips of approximately uniform cross section, partially compressed to prevent disintegration during application, and enclosed in a latticed cotton thread or knit cotton covering.

3.11 Workmanship.- The workmanship shall be first class in every respect.

4. QUALITY ASSURANCE PROVISIONS

4.1 Inspection procedures.- For Naval purchases, the general inspection procedures shall be in accordance with General Specifications for Inspection of Material.

4.2 Qualification tests at a Government laboratory.- Qualification tests shall be conducted at a Government laboratory designated by the Bureau of Ships. These tests shall consist of the tests specified in 4.5.

4.3 Sampling.-

4.3.1 Lot.- For purpose of sampling, a lot shall consist of all packing of one class, type, and size produced in one plant under essentially the same conditions and offered for delivery at one time.

5

01855

MIL-P-17303C(NAVY)

4.3.2 Sampling procedure for lot acceptance inspection.- For the inspection specified in 4.4.1.1, the Government inspector shall select representative lengths of packing from each lot in accordance with table II.

Table II – Sampling procedure for lot
acceptance inspection.

| Number of lengths of packing in the lot | Number of sample lengths to be selected |
|---|---|
| 8 or under | 2 |
| 9 to 15 | 3 |
| 16 to 25 | 5 |
| 26 to 40 | 7 |
| Over 40 | 10 |

4.3.3 Sampling procedure for lot acceptance tests.- For the test specified in 4.4.1.2 the Government inspector shall take a 36-inch sample from each sample length of finished packing selected in accordance with table II.

4.3.4 Sampling procedure for production check tests.- From the first lot of packing of each class and type offered for delivery under a contract or order, the Government inspector shall select from each of two lengths of packing a 36-inch sample for the purpose of the production check tests specified in 4.4.2. Thenceforth, two such sample pieces of packing shall be selected from one of every 10 lots which have passed inspection and test at the place of manufacture.

4.4 Inspection and tests.-

4.4.1 Lot acceptance inspection and tests at place of manufacture.-

4.4.1.1 Inspection.- Each of the samples selected in accordance with 4.3.2 shall be subjected by the Government inspector to surface inspection for workmanship and dimensions. Minor surface defects not affecting the serviceability of the packing shall not be cause for rejection.

4.4.1.2 Tests.- The samples selected in accordance with 4.3.3 shall be subjected to the tests specified in 4.5.2 and 4.5.4.

6

01856

4.4.1.3 Action in case of failure. - If any one of the samples tested is found to be not in conformance with this specification, the lot which it represents shall be rejected. A rejected lot may be resubmitted for Government inspection only after the manufacturer, after being informed of the reasons for rejection, has so reworked the entire lot as to remove or correct all nonconforming material.

4.4.2 Production check tests at a Government laboratory. - The samples selected in accordance with 4.3.4 shall be subjected to the tests specified in 4.5.2 and 4.5.4. If found not to conform as to construction with that given qualification, the sample need not be subjected to other tests before reporting the lot as unsatisfactory.

4.4.2.1 Place of tests. - Unless otherwise specified in the contract or order, production check tests shall be conducted at the Naval Engineering Experiment Station, Annapolis, Md.

4.4.2.2 Action in case of failure. - Acceptance of the first lot offered for delivery under a contract or order shall be withheld until a satisfactory report is received on the production check test sample. Thenceforth, except as hereinafter specified, acceptance and rejection of lots shall normally be on the basis of the sampling and inspection specified in 4.3.2, 4.3.3, and 4.4.1 and acceptance shall not be withheld pending receipt of test reports on production check test samples. However, upon receipt of an unsatisfactory test report on a production check test sample, the Government inspector shall select additional samples from every subsequent lot offered for delivery. The samples so selected shall be submitted to Naval Engineering Experiment Station, Annapolis, Md., and shall there be subjected to test or tests wherein failure was observed. Lots shall then be accepted only upon receipt of a satisfactory test report on the samples so selected. Additional testing shall be discontinued and lot acceptance returned to the normal basis when three successive lots have been accepted.

4.5 Test procedures. -

4.5.1 Chemical analysis. - Chemical analysis shall be made using standardized procedures.

4.5.2 Flexibility. - Packing shall be coiled by hand around a rod of a diameter as shown in table I (see 3.6). Only sufficient packing to make one complete turn around the rod shall be used.

4.5.3 Simulated performance. - Performance tests shall be made under simulated operating conditions in a machine designed for the purpose.

7

01857

MIL-P-17303C(NAVY)

4.5.3.1 Type C, symbol 1108, and type B, symbol 1439. - The packing shall be tested for the following service:

Valve stem service at 600 pounds per square inch (p.s.i.) and 750° F. Test shall be concluded after 3500 hours of operation.

4.5.3.2 Type D, symbol 1432. - The packing shall be tested for the following service:

Reciprocating rod service steam at 300 p.s.i. and 720° F., and a rod speed of 170 feet per minute. The test shall be concluded after 1,500 hours operation.

4.5.3.3 Type A, symbol 1431, symbol 1106 and type B, symbol 1433. - The packing shall be tested for the following services:

Reciprocating rod service with saturated steam at 300 p.s.i. and a rod speed of 100 feet per minute. Test shall be concluded after 3000 hours of operation.
Rotary rod service with feed water at 100 p.s.i. gage and 250° F., and a rod speed of 4,000 feet per minute. The test shall be concluded after 3,000 hours of operation.

4.5.3.4 Type C, symbol 1434. - The packing shall be tested for the following services:

Rotary rod service with feed water at 100 p.s.i. gage and 250° F., and a rod speed of 4000 feet per minute. Test shall be concluded after 3,000 hours of operation.

4.5.3.5 Rotary rod service. - During the rotary rod service tests specified in 4.5.3.3 and 4.5.3.4 in order to simulate conditions occasionally encountered in the service, the packing shall be subjected to cycles of sudden changes in pressure from 100 p.s.i. to 10 p.s.i. twice daily. The lower pressure shall be maintained for approximately 30 seconds and then suddenly raised to 100 p.s.i.

4.5.3.6 Type E, symbol 1437, and type D, symbol 1109. - The packing shall be tested for rotary rod service with a sequence of fluids at 50 p.s.i. gage and a rod speed of 1,375 feet per minute. The sequence of the fluids shall be as follows:

(a) Aromatic fuel (reference fuel No. 2 in accordance with A.S.T.M. D471-46T) for 200 hours.
(b) Alkylate fuel (115/145 base stock) for 200 hours.
(c) Sea water for 200 hours.
(d) Aromatic fuel (reference fuel No. 2 in accordance with A.S.T.M. D471-46T) for 200 hours.

8

01858

MIL-P-17303C(NAVY)

4.5.3.7 <u>Type E, symbol 1111.</u>- The packing shall be tested for the following service:

Valve stem service with steam at 600 p.s.i. and 750°F. During test there shall be a protracted series of simulated valve openings and closings. Tests shall be concluded after 2,000 hours of operation.

4.5.4 <u>Heat resistance.</u>- Specimens cut from each sample of packing shall be subjected for 2 hours to the temperature in 3.8 and 3.10.

4.5.5 <u>Corrosion resistance, type C, symbol 1108 and type E, symbol 1111.</u>- The packing shall be installed in the stuffing box of 1-inch size, 600 p.s.i. valve, equipped with a 13 percent chrome steel valve stem. The packing gland shall be adjusted to allow slight leakage under 300 p.s.i. valve test water. The condition shall be maintained for 24 hours to insure the wetting of the packing. The valve shall then be drained and stored at ambient temperature. The valve stem shall be inspected after 6 and 12 months of storage.

4.5.6 <u>Pressure and temperature.</u>- The packing shall be installed in the stuffing box of 1-inch size, 1500 series valve, equipped with a 13 percent chrome steel valve stem, and subjected successively to the following conditions:

(a) Superheated steam at 600 p.s.i. gage and 750°F. for twenty-four hours.
(b) Air pressure of 2000 p.s.i. gage.
(c) Temperature of 1100°F. for six hours.
(d) Air pressure of 2000 p.s.i. gage.

5. PREPARATION FOR DELIVERY

5.1 <u>Preservation and packaging.</u>-

5.1.1 <u>For domestic shipment - immediate use.</u>- Packing material shall be packaged in accordance with manufacturer's commercial practice.

5.1.2 <u>For domestic shipment involving storage and overseas shipment.</u>- Unless otherwise specified in the contract or order, packing material shall be wound on spools or coiled and packaged in folding cartons, set-up boxes, corrugated or solid fiberboard boxes conforming to Specification PPP-B-566, PPP-B-676, LLL-B-631 or LLL-B-636, respectively.

9

01859

MIL-P-17303C(NAVY)

5.2 Packing.-

5.2.1 For domestic shipment - immediate use.- The packing material shall be packed to insure carrier acceptance and safe delivery to destination at the lowest applicable rate. Containers shall comply with the Consolidated Freight Classification Rules or other regulations applicable to the mode of transportation.

5.2.2 For domestic shipment and storage.- The packing material, packaged as specified in 5.1.2, shall be packed in snug-fitting wood cleated fiberboard, cleated plywood, nailed wood, corrugated or solid fiberboard boxes conforming to Specification NN-B-591, PPP-B-601 (overseas type), NN-B-621, LLL-B-631, or LLL-B-636, respectively. Fiberboard boxes shall conform to the special requirements of the applicable box specification. Closure of the shipping container shall conform to the applicable container specification. The gross weight of wood boxes shall not exceed 200 pounds, and fiberboard boxes shall not exceed 90 pounds.

5.2.3 For overseas shipment.- The packing material, packaged as specified in 5.1.2, shall be packed in snug-fitting wood cleated fiberboard, wood cleated plywood, nailed wood, or fiberboard boxes conforming to Specification JAN-P-103, PPP-B-601 (overseas type), JAN-P-106, or JAN-P-108, respectively. Boxes shall be lined with a sealed waterproof caseliner conforming to type I, grade B, class 2 of Specification MIL-L-10547. Shipping containers shall be closed and strapped in accordance with the appendix of the applicable container specification. The gross weight of wood boxes shall not exceed 200 pounds, and fiberboard boxes shall not exceed 70 pounds.

5.3 Marking.- In addition to any special marking required by the contract or order, unit packages and intermediate and exterior shipping containers shall be marked in accordance with Standard MIL-STD-129.

6. NOTES

6.1 Ordering data.- Procurement documents should specify the following:

    (a) Title, number, and date of this specification.
    (b) Class, type, and size required (see 1.2 and 3.3).
    (c) Whether domestic or overseas shipment will be required; if domestic, the type required (see 5.1 and 5.2).

10

MIL-P-17303C(NAVY)

6.2 In the procurement of products requiring qualification, the right is reserved to reject bids on products that have not been subjected to the required tests and found satisfactory for inclusion on the Military Qualified Products List. The attention of suppliers is called to this requirement, and manufacturers are urged to communicate with the Bureau of Ships, Navy Department, Washington 25, D.C., and arrange to have the products that they propose to offer to the Army, the Navy, or Air Force, tested for qualification in order that they may be eligible to be awarded contracts or orders for the products covered by this specification. Information pertaining to qualification of products covered by this specification may be obtained from the Chief of Bureau of Ships, Department of the Navy, Washington 25, D.C.

6.3 The packaging, packing, and marking specified herein apply only to direct shipment to the Government and are not intended to apply to contracts or orders between the manufacturer and the prime contractor.

Patent notice.- When Government drawings, specifications, or other data are used for any purpose other than in connection with a definitely related Government procurement operation, the United States Government thereby incurs no responsibility nor any obligation whatsoever; and the fact that the Government may have formulated, furnished, or in any way supplied the said drawings, specifications, or other data is not to be regarded by implication or otherwise as in any manner licensing the holder or any other person or corporation, or conveying any rights or permission to manufacture, use, or sell any patented invention that may in any way be related thereto.

Custodian:
    Navy-Bureau of Ships
Other interest:
    Navy-Or

11

01861

## DOCUMENT CERTIFICATION

I, Thomas F. McCaffery, do swear under the penalties of perjury that the documents
(174 pages and initialed) in Volume II of the binder entitled, "Dana Corporation,
General Information, Gasket-Related QPLs" are to the best of my knowledge and belief,
true and accurate copies of original U.S. Government documents.

Thomas F. McCaffery

I, **MARISA A. TRASATTI**, a commissioned Notary Public in and for the
County of **HARFORD**, State of **MD**, do certify that
Thomas F. McCaffery appeared before me on this date in the City of Baltimore, State of
Maryland and that I took his oath aforesaid.

SEAL

Date: **5/30/03**

My commission expires: **8/29/06**

**EXHIBIT D**

SEP 1 1 1931

N2.O.6²:

## 33P25
### SEPT. 1, 1931

NAVY DEPARTMENT SPECIFICATION

# PACKING, METALLIC AND NONMETALLIC, PLASTIC, SYMBOL 1431

Technical requirements conform in detail to Federal Specification HH-P-131, officially revised by the Federal Specifications Board August 19, 1930. Copies of the Federal specification are therefore unnecessary and are not available for distribution by the Navy Department.

## A. GENERAL SPECIFICATIONS.

General Specifications for Inspection of Material, issued by the Navy Department, and Federal Specification ZZ-R-601, Rubber Goods: General Specifications (Methods of Physical Tests and Chemical Analyses), in effect on date of invitation for bids, shall form part of this specification.

## B. TYPES AND GRADES.

B-1. *Types.*—There are two types, as follows; to be furnished as specified.

Type A, metallic.
Type B, nonmetallic.
B-2. *Grade.*—The packing shall be of but one grade.

## C. MATERIAL AND WORKMANSHIP, ETC.

C-1. *Material.*—Packing shall be composed of soft metal in small particles, or of asbestos fiber, in combination with graphite and a binder.

C-2. *Workmanship.*—Packing shall show no evidence of poor workmanship.

## D. GENERAL REQUIREMENTS.

D-1. *Construction.*—The different components shall be thoroughly mixed and the binder shall prevent separation of the parts. It shall ordinarily be furnished in bulk form. It may be furnished, when so specified, within a fabric tubing, or be extruded and held together by means of a number of cotton threads braided about the strip.

D-2. *Asbestos fiber.*—The asbestos fiber shall be Chrysotile and shall contain not less than 12 per cent water of composition.

D-3. *Graphite.*—The graphite shall be that known as "lubrication flake" and shall contain not less than 90 per cent of graphite carbon. It shall not contain grit, dirt, or any deleterious substance.

D-4. *Binder.*—The binder shall be rubber or heavy mineral oil or wax.

59041—31

2

## E. DETAIL REQUIREMENTS.

E-1. *Composition, Type A.*—Type A packing shall be of the following composition:

|  | Per cent |
|---|---|
| Metal particles, minimum | 40 |
| Asbestos fiber, maximum | 15 |
| Graphite, maximum | 30 |
| Binder, maximum | 20 |

E-2. *Metal.*—The metal shall be such as will not score the rod, break up and work back into the system, or disintegrate at a temperature below 550° F. It shall be of one or more of the following forms; finely ground, small pellets, small strands, or small shreds.

E-3. *Composition, Type B.*—Type B packing shall be of the following composition:

|  | Per cent |
|---|---|
| Asbestos fiber, minimum | 45 |
| Graphite, maximum | 50 |
| Binder, maximum | 10 |

## F. METHOD OF INSPECTION, TESTS, ETC.

F-1. *Sampling.*—A 1-pound sample of packing shall be taken at random from each lot of 1,000 pounds or less. When practicable, the inspector shall witness the mixing of the packing, at which time 6-ounce samples of the various components shall be obtained.

F-2. *Inspection.*—Packing shall be inspected to determine compliance with this specification.

F-3. *Tests.*—Tests shall be made in accordance with Federal Specification ZZ-R-601, Rubber Goods: General Specifications.

## G. PACKING AND MARKING.

G-1. *Packing.*—Unless otherwise specified, the packing shall be delivered in standard commercial containers, so constructed as to insure acceptance by common or other carriers, for safe transportation at the lowest rate, to the point of delivery.

G-2. *Marking.*—Unless otherwise specified, shipping containers shall be marked with the name of the material and the quantity contained therein, as defined by the contract or order under which shipment is made, the name of the contractor, and the number of the contract or order.

## H. NOTES.

H-1. Packing is intended for rods and valve stems under the following conditions:

Steam to 300 pounds pressure and 700° F. temperature.
Water to 300 pounds pressure.
Brine to 100 pounds pressure.
Air to 3,000 pounds pressure.
Gas to 75 pounds pressure.
Fuel oil to 500 pounds pressure and 250° F.

H-2. The right is reserved to reject any bids on makes of plastic packing which have not been subjected to the required tests and found satisfactory. The attention of the manufacturers is called

[33F25]

3

to this requirement, and they are urged to forward samples of the plastic packing which they propose to offer to the Navy in the future in order that tests may be made. These tests will be conducted at the expense of the manufacturers. Information with reference to the supplied upon application to the Bureau of Supplies and Accounts. It is to be understood that the manufacturers shall pay all transportation charges to and from the point where tests are made. In the ease of failure of the sample or samples submitted to prove satisfactory, consideration will be given to requests of the manufacturers for additional tests only after it has been clearly shown that changes have been made in the product with reference to design, method of manufacture, etc., which the bureau concerned considers sufficient to warrant conducting such additional tests.

H-3. When specified, award of contract for the subject packing will be made to the bidder whose packing shows the lowest cost per hour of service when tested as described above, when evaluated by the following formula:

Service cost per hour= Bid price per pound X no. of pounds used for test / Total endurance, in hours.

H-4. Copies of Navy Department specifications and any other specifications forming a part thereof may be obtained upon application to the Bureau of Supplies and Accounts, Navy Department, Washington, D. C. When requesting, refer to specification by both title and number.

REFERENCES:

L2-1 (2-12-29), Mar. 13 and May 13, 1931.
Navy Department Specifications Board 1st end., Mar. 17, 1931; 33-P-25, May 18, 1931.
C. & R. L2JJ-1-(8P5801) (S) N/G, Mar. 25, 1931.
Ord. L2-(2367)Unas-8/0, Apr. 2, 1931.
Y. & D. L2-1, Apr. 8, 1931.
Aero. Aer-D-158-ELJH, JJ33P1T(NDS), May 2, 1931.
S. & A. L2JJ-33P25.

[33F25]

U. S. GOVERNMENT PRINTING OFFICE: 1931

**EXHIBIT E**



NOTICE: This list may be made available to prospective bidders or suppliers who require the list in furnishing supplies or services to the Military Departments. Reproduction or use of the list in whole or in part for other purposes is prohibited, and violation will be cause for removal from the list.

QPL-17303-9
28 November 1956
SUPERSEDING
QPL-17303-8
16 November 1956

## MILITARY QUALIFIED PRODUCTS LIST OF
## PRODUCTS QUALIFIED UNDER MILITARY SPECIFICATION

MIL-P-17303

PACKING MATERIALS, PLASTIC METALLIC AND NONMETALLIC

All products listed herein have been qualified under the requirements for the product as specified in the latest effective issue of the applicable specification. Revisions of this list will be issued as necessary. The listing of a product does not release the manufacturer from compliance with the specification requirements.

| Government Designation | Manufacturer's Designation | Test or Qualification Reference | Manufacturer's Name and Address |
|---|---|---|---|
| **Class 1** Type A | Allpax | EES 3226 5/18/28 and 1/15/30 | The Allpax Co., Inc. 1941 Parkes Ave., Mamaroneck, N. Y. Plant: Same address |
| Type B | Allpax No. 1 | EES 9834-B 2/5/41 | do. |
| do. | John Crane Superseal No. 1 | EES 5001-F 5/17/38 and EES B-942 8/10/38 | Crane Packing Co. 6400 Oakton St. Morton Grove, Ill. Plant: Same address |
| do. | Dura Plastic B-77 | EES 1ADT436 6/9/52 | Dura Metallic Corp. 2104 Factory Street Kalamazoo 24F, Michigan Plant: Same address |
| do. | Garlock Style 909 | EES 010073 | Garlock Packing Co. Palmyra, N. Y. Plant: Same address |
| do. | Palmetto #1500 | EES C-1849 3/8/47 | Greene Tweed and Co. North Wales, Pa. Plant: Same address |
| do. | R/M 1840-B | EES 1BDT458 9/24/52 | Raybestos-Manhattan Inc., Packing Division Manheim, Pa. Plant: Same address |
| do. | Sea Ro-Nek Seal, Style 501 | EES B-7-E 6/5/41 | Sea-Ro Packing Co., Inc. 131 Woodridge St. Woodridge, N. J. Plant: Same address |
| | Sea Ro No. 301 | EES C-522 & BUSHIPS ltr. JJ33(1) (336) 5/1/44 | |
| Type C | John Crane, Style 150 | EES 3907 10/31/31 | Crane Packing Co. 6400 Oakton St. Morton Grove, Ill. Plant: Same address |
| do. | Garlock Style 8890 | EES 010074 | Garlock Packing Co. Palmyra, N. Y. Plant: Same address |

1 of 3

REPRODUCED AT THE NATIONAL ARCHIVES

REPRODUCED AT THE NATIONAL A...

QPL-17303-9

| Government Designation | Manufacturer's Designation | Test or Qualification Reference | Manufacturer's Name and Address |
|---|---|---|---|
| **Class I** Type C | R/M 905-A | EES 1KA140001 10/2/52 | Raybestos-Manhattan Inc. Packing Division Manheim, Pa. Plant: Same address |
| do. | Sea Ro Style 2501 | EES C-803 3/5/47 | Sea-Ro Packing Co., Inc. 131 Woodridge St. Woodridge, N. J. Plant: Same address |
| Type D | John Crane, Style 250 | EES C-522 4/19/45 | Crane Packing Co. 6400 Oakton St. Morton Grove, Ill. Plant: Same address |
| Type E | J.M. Style #610 | EES 1P(4)066749 10/23/52 | Johns-Manville Sales Corporation 22 East 40th Street New York 16, N. Y. Plant: Manville, N. J. |
| do. | Excelpax 320-3-(CL) | EES 1P(4)066749 10/23/52 | Phoenix Asbestos Mfg. Co. 405 South Avenue, Garwood, N. J. Plant: Same address |
| **Class II** Type C | Ankorite Style 804 | EES 1A101752 3/20/52 | Anchor Packing Co. 401 North Broad St. Philadelphia, Pa. Plant: Manheim, Pa. |
| do. | John Crane Style No. 6 AM CR | EES 010033A | Crane Packing Co. 6400 Oakton St. Morton Grove, Ill. Plant: Same address |
| do. | Garlock Style 5855 | EES 010073 | Garlock Packing Co. Palmyra, N. Y. Plant: Same address |
| do. | R/M Style LS8842 | EES 1M066749 8-20-51 | Raybestos-Manhattan Inc. Packing Division Manheim, Pa. Plant: Same address |
| do. | Sea Ro Style 303 | EES 1A066749 9/29/50 | Sea Ro Packing Co., Inc. 131 Woodridge St. Woodridge, N. J. Plant: Same address |

2 of 3

REPRODUCED AT THE NATIONAL ARCHIVES

QPL-17303-9

| Government Designation | Manufacturer's Designation | Test or Qualification Reference | Manufacturer's Name and Address |
|---|---|---|---|
| Class II Type D | Rodtite "G" | EES 1P(4)066749 10/23/52 | The Darcoid Co., Inc. 145 Sixth Avenue New York 13, N. Y. Plant: Hoboken, N. J. |
| do. | "Style #1845" | EES 1P(4)066749 10/23/52 | Raybestos-Manhattan, Inc. Packing Division Manheim, Pa. Plant: Same address |
| Type E | John Crane Style 187I | EES 010033 | John Crane Co. 6400 Oakton St. Morton Grove, Ill. Plant: Same address |
| Class III Type B | Sea Ro Style 503 | EES B-7 5/5/47 | Sea-Ro Packing Co., Inc. 131 Woodridge St. Woodridge, N. J. Plant: Same address |

3 of 3

**EXHIBIT F**



**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

_____ Northampton _____ **County**



| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |
| C-48-AB-2021-00009 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> Martin M. Howard | Lead Defendant's Name: <br> Air & Liquid Systems Corporation, et al. |
|---|---|

| **Are money damages requested?** ☒ Yes  ☐ No | Dollar Amount Requested: <br> (check one) | ☐ within arbitration limits <br> ☒ outside arbitration limits |
|---|---|---|

| **Is this a *Class Action Suit*?**  ☐ Yes  ☒ No | **Is this an *MDJ Appeal*?**  ☐ Yes  ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Lauren S. Linsenbach, Esq. & Jason B. Duncan, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____
  _____

**MASS TORT**
- ☒ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____
  _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other:
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____
  _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - ASBESTOS
ASBESTOS LITIGATION - FILING COVER SHEET

A. Document being filed:

    1-    Civil Cover Sheet - Complaint in Civil Action - Asbestos

B. Docketing of Document:

    1-    Please designate appropriate Master File for *docketing* of document:

          _____   Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

          _____   Asbestos: Trades Master File, No. C00048AB200000003

          __X__   Asbestos: General Master File, No. C0048AB200000004

    2-    Please designate appropriate individual claimant's file. If any, for *docketing* of
        document-type in caption and term number.

    Martin M. Howard v. Air & Liquid Systems Corporation, et al. No. C-48-AB-2021-

C. Filing of Document:

    2-    Please designate appropriate Master File for *filing* of document-type in caption and
        term number.

          _____   Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

          _____   Asbestos: Trades Master File, No. C00048AB200000003

          __X__   Asbestos: General Master File, No. C00048AB200000004

    3-    Please designate appropriate individual claimant's file. If any, for *docketing* of
        document-type in caption and term number.

    Martin M. Howard v. Air & Liquid Systems Corporation, et al. No. C-48-AB-2021-

D. Related Cases

    If document pertains to ten or more asbestos cases but less than all cases, please attach a list
of all related cases listing the captions and docket numbers to which the original document pertains.

|  |  |  |
|---|---|---|
| By: | Lauren S. Linsenbach, Esquire | |
| Attorney For: | Plaintiffs | |
| Address: | PMB 332 | |
| | 3440 Lehigh Street | |
| | Allentown, PA 18103 | |
| Telephone: | (610) 866-3333 | |
| Supreme Court I.D.: | # 326818 | |

I hereby certify this is a true and correct copy of the original. ⸻

**LAW OFFICES OF PETER G. ANGELOS, P.C.**
PMB 332
3440 Lehigh Street
Allentown, PA 18103
(610) 866-3333



## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY - PENNSYLVANIA
### CIVIL DIVISION - ASBESTOS

| | |
|---|---|
| Martin M. Howard, | *    No. C-48-AB-2021-0000 9 |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    CIVIL ACTION - ASBESTOS |
| | *    JURY TRIAL DEMANDED |
| Air and Liquid Systems Corporation, et al., | * |
| | * |
| Defendants. | * |

### <u>NOTICE</u>

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

NORTHAMPTON COUNTY BAR ASSOCIATION
ATTORNEY REFERRAL AND INFORMATION SERVICE
155 South Ninth Street
Easton, PA 18042-4399
Telephone: (610) 258-6333

2021 DEC 14 A 11: 42

COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA.

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

CIVIL DIVISION - ASBESTOS

)

Martin M. Howard            *     No. C-48-AB-2021-
3470 Route 46            *
Smethport, PA 16749        *
                                     *
        Plaintiff,           *
            v.               *
                                       *
Air and Liquid Systems      *
Corporation as Successor-by-merger   *
to Buffalo Pumps           *
c/o Corporation Service Company    *
2595 Interstate Drive         *
Suite 103                 *
Harrisburg, PA 17110        *
                                       *
        and              *
                                       *
Bayer Cropscience, Inc,       *
f/k/a Amchem Products, Inc.      *
800 N. Lindbergh Blvd        *
St. Louis, MO 63167         *
                                       *
        and              *
                                       *
CBS Corporation, a Delaware Corporation,   *
f/k/a Viacom, Inc., successor by merger to   *
CBS Corporation, a Pennsylvania Corporation,   *
f/k/a Westinghouse Electric Corporation   *
c/o Asbestos Litigation Support Manager,   *
Eckert, Seamans, Cherin & Mellot     *
LLC, Case Management and Technology Center   *
600 Grant Street, 44th Floor      *
Pittsburgh, PA 15219        *
                                       *
        and              *
                                       *
Cleaver Brooks, Inc.         *
c/o Corporation Service Company    *
2595 Interstate Drive         *
Suite 103                 *
Harrisburg, PA 17110        *
                                       *

2021 DEC 14 A 11: 42
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA
FILED

Case 2:22-cv-00255-ER Document 1 Filed 01/20/22 Page 69 of 80

and                                                              *
                                                                 *
Columbus McKinnon Corporation                                    *
Attn: Legal Department                                           *
205 Crosspoint Pkwy                                              *
Getzville, NY 14068                                              *
                                                                 *
        and                                                      *
                                                                 *
Cooper Industries LLC,                                           *
Individually and as successor-in-interest                        *
To Crouse-Hinds Co.                                              *
Wolf & 7th North Street                                          *
PO Box 4999                                                      *
Syracuse, NY 13221                                               *
                                                                 *
        and                                                      *
                                                                 *
Corning, Inc., on behalf of its former                           *
Cohart Refractories Business Division                            *
Corporation Service Company                                      *
2595 Interstate Drive, Suite 103                                 *
Harrisburg, PA 17110                                             *
                                                                 *
        and                                                      *
                                                                 *
Crane Company                                                    *
100 First Stamford Place                                         *
Stamford, CT 06902                                               *
                                                                 *
        and                                                      *
                                                                 *
Eaton Corporation, as successor in-interest to                   *
Cutler-Hammer, Inc.,                                             *
n/k/a Eaton Electrical, Inc.                                     *
c/o CT Corporation System                                        *
600 N. 2nd Street, Suite 401                                     *
Harrisburg, PA 17101                                             *
                                                                 *
        and                                                      *
Ford Motor Company                                               *
c/o CT Corporation Systems                                       *
600 N. 2nd Street, Suite 401                                     *
Harrisburg, PA 17101                                             *
                                                                 *
        and                                                      *
                                                                 *

Foseco, Inc.                                        *
c/o C.T. Corporation                                *
Corporation Trust Center                            *
1209 N. Orange Street                               *
Wilmington, DE 19801                                *
                                                    *
        and                                         *
                                                    *
Foster-Wheeler LLC                                  *
Survivor to a merger with Foster Wheeler            *
Corporation                                         *
53 Frontage Road                                    *
PO Box 9000                                         *
Hampton, N.J. 08827-9000                            *
                                                    *
        and                                         *
                                                    *
General Electric Company                            *
C.T. Corporation System                             *
155 Federal St., Suite 700                          *
Boston, MA 02110                                    *
and                                                 *
CT Corporation Systems                              *
600 N. 2nd Street, Suite 401                        *
Harrisburg, PA 17101                                *
                                                    *
        and                                         *
                                                    *
Genuine Parts Co., a/k/a Napa Auto Parts,           *
CT Corporation System                               *
600 N. 2nd St., Suite 401                           *
Harrisburg, PA 17101                                *
                                                    *
        and                                         *
                                                    *
Goodrich Corporation                                *
f/k/a The B.F. Goodrich Co.                         *
2730 W. Tyvola Road                                 *
Charlotte, NC 28217                                 *
                                                    *
        and                                         *
                                                    *
The Goodyear Tire & Rubber Company                  *
c/o Corporation Service Company                     *
251 Little Falls Drive                              *
Wilmington, DE 19808                                *
                                                    *

Case 2:22-cv-00255-RD Document 1 Filed 01/20/22 Page 71 of 80

and                                              *
                                                 *
Goulds Pumps, LLC                                *
f/k/a Goulds Pumps, Inc.                         *
C.T. Corporation                                 *
Corporation Trust Center                         *
1209 N. Orange Street                            *
Wilmington, DE 19801                             *
                                                 *
        and                                      *
                                                 *
Greene, Tweed & Co., Inc.                        *
201 S. Tryon Street                              *
Suite 950                                        *
Charlotte, NC 28202                              *
                                                 *
        and                                      *
                                                 *
GTE Operations Support Inc.,                     *
Successor in interest to GTE products            *
Of Connecticut Corp.,                            *
(Clark Controller Co.)                           *
C.T. Corporation                                 *
Corporation Trust Center                         *
1209 N. Orange Street                            *
Wilmington, DE 19801                             *
                                                 *
        and                                      *
                                                 *
H.B. Fuller Company                              *
1200 Willow Lake Boulevard                       *
P.O. Box 64683                                   *
St. Paul, MN 55164-0683                          *
                                                 *
        and                                      *
                                                 *
Hajoca Corporation                               *
Corporation Service Company                      *
2595 Interstate Drive, Suite 103                 *
Harrisburg, PA 17110                             *
                                                 *
        and                                      *
                                                 *
Hobart Brothers LLC                              *
400 Trade Square E.                              *
Troy, OH 45373                                   *
                                                 *

and                                              *
                                                 *
Holman Automotive Group, Inc.                    *
a/k/a Holman Enterprises                          *
c/o Melinda K. Holman                             *
244 East Kings Highway                            *
Maple Shade, NJ 08052                             *
                                                 *
        and                                      *
                                                 *
Honeywell International, Inc.,                    *
as successor to Allied Signal, Inc.,             *
successor to Bendix Corporation                  *
Corporation Service Company                      *
251 Little Falls Drive                           *
Wilmington, DE 19808                             *
                                                 *
        and                                      *
                                                 *
Industrial Holdings Corp.                        *
f/k/a Carborundum Company                        *
Prentice Hall Corp.                              *
80 State Street                                  *
Albany, NY 12207                                 *
                                                 *
        and                                      *
                                                 *
J.H. France Refractories Company                 *
c/o Alan Parker, President                       *
Special Claims Services, Inc.                    *
790 Fairgrounds Road, Suite 100                  *
Mount Vernon, Ohio 43050                         *
                                                 *
        and                                      *
                                                 *
John Crane, Inc.                                 *
f/k/a Crane Packing Company                      *
CT Corporation System                            *
600 N. 2nd St., Suite 401                   *
Harrisburg, PA 17101                             *
        and                                      *
                                                 *
Keeler/Dorr-Oliver Boiler                        *
Company, Inc.                                    *
1201 N. Market St., Suite 900                    *
Wilmington, DE 19801                             *
                                                 *

Case 2:22-cv-00255-ER Document 1 Filed 01/20/22 Page 73 of 80

and                                           *
                                              *
Morgan Engineering                            *
f/k/a Morgan Crane                            *
1049 South Mahoning Avenue                    *
Alliance, OH 44601                            *
                                              *
        and                                   *
                                              *
Morse TEC LLC,                                *
f/k/a BorgWarner Morse TEC LLC,               *
and successor-by-merger to                    *
Borg-Warner Corporation                       *
CT Corporation                                *
Corporation Trust Center                      *
1209 N. Orange Street                         *
Wilmington, DE 19801                          *
                                              *
        and                                   *
                                              *
Norca Industrial Company, LLC                 *
One Hollow Lane, Suite 200                    *
Lake Success, NY 11042                        *
                                              *
        and                                   *
                                              *
The Okonite Company                           *
P.O. Box 340                                  *
102 Hilltop Road                              *
Ramsey, NJ 07446                              *
                                              *
        and                                   *
                                              *
The Pep Boys – Manny, Moe, & Jack             *
c/o Jennifer W. Darger, Esq.                  *
Darger Errante Yavitz & Blau LLP              *
116 East 27th Street at Park Ave, 12th Floor, *
Suite 401                                     *
New York, NY 10016                            *
                                              *
        and                                   *
                                              *

Pneumo-Abex LLC,                                    \*
Successor-in-Interest to Abex Corp.                 \*
Corporation Service Co.                             \*
2595 Interstate Dr.                                 \*
Suite 103                                           \*
Harrisburg, PA 17110                                \*
                                                    \*
     and                    \*
                                                    \*
Reading Crane & Engineering Company                 \*
Lincoln Corporate Center                            \*
11 Vanguard Drive                                   \*
Reading, PA 19606                                   \*
                                                    \*
     and                    \*
                                                    \*
Reunion Industries, Inc                             \*
f/k/a Alliance Machines                             \*
Corporation Service Co.                             \*
251 Little Falls Drive                              \*
Wilmington, DE 19808                                \*
                                                    \*
     and                    \*
                                                    \*
RSCC Wire & Cable Company LLC                        \*
20 Bradley Park Road                                \*
East Granby, CT 06026                               \*
                                                    \*
     and                    \*
                                                    \*
Saint-Gobain Abrasives, Inc.                        \*
(f/k/a Norton Company)                              \*
1 New Bond Street                                   \*
Worcester, MA 01615                                 \*
                                                    \*
     and                    \*
                                                    \*
Schneider Electric USA, Inc.                        \*
f/k/a Square D Company                              \*
200 N. Martingale Rd, Suite 100                     \*
Schaumburg, IL 60173                                \*
                                                    \*
     and                    \*
                                                    \*
Terex Corporation                                   \*
200 Nyala Farms Rd.                                 \*
Westport, CT 06880                                  \*

and                                                    *
                                                       *
                                                       *
Union Carbide Corporation                              *
c./o C.T. Corporation System                           *
600 N. 2nd Street, Suite 401                            *
Harrisburg, PA 17101                                   *
                                                       *
                                                       *
        and                                            *
                                                       *
Universal Refractories                                 *
A Division of Thiem Corporation                        *
Three Rivers Management                                *
600 River Avenue, Suite 200                            *
Pittsburgh, PA 15212                                   *
                                                       *
                                                       *
        and                                            *
                                                       *
Warren Pumps, LLC                                      *
CT Corporation                                         *
Corporation Trust Center                               *
1209 N. Orange Street                                  *
Wilmington, DE 19801                                   *
                                                       *
                                                       *
        and                                            *
                                                       *
The Marley-Wylain Co.,                                 *
f/k/a Weil-McLain                                      *
500 Blaine Street                                      *
Michigan City, IN 46360-2388                           *
                                                       *
                                                       *
        and                                            *
                                                       *
Mead Westvaco Corporation                              *
MWV World Headquarters                                 *
501 South 5th Street                                    *
Richmond VA 23219                                      *
John A. Lulce, Jr.                                     *
Chairman CEO                                           *
MWV World Headquarters                                 *
501 South 5th Street                                    *
Richmond, VA 23219                                     *
                                                       *
                                                       *
        and                                            *
                                                       *

DCo, LLC, f/k/a Dana Company,                                    *
Individually and as Successor in Interest                        *
to Victor Mfg and Gasket Co.                                     *
4100 Bennett Road                                                *
Toledo, OH 43601                                                 *
VA Registered Agent                                              *
CT Corporation System                                            *
4701 Cox Road, Suite 285                                         *
Glen Allen, VA 23060                                             *
                                                                 *
       and                                                       *
                                                                 *
Mastercraft Auto Parts & Glass                                   *
606 E. Main Street                                               *
Bradford, PA 16701                                               *
                                                                 *
       and                                                       *
                                                                 *
Cantwell-Johnson, Inc.                                           *
434 E. Main Street                                               *
Bradford, PA 16701                                               *
                                                                 *
       and                                                       *
                                                                 *
Bradford Fairway Sales and Leasing, Inc.                         *
d/b/a Bradford Fairway Ford and Bradford                         *
Chrysler Dodge Jeep Ram                                          *
472 E. Main Street                                               *
Bradford, PA 16701                                               *
                                                                 *
                                                                 *
       Defendants.                                               *

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Howard Martin, Plaintiff, through his attorneys, sue the Defendants captioned above and hereby adopt and incorporate all relevant portions of the Master Complaint and by reference the causes of action and paragraphs set forth in the Master Complaint as follows: General/Other Master File No. C0048AB200000004.

Plaintiff Martin M. Howard

**INTRODUCTION** - Paragraphs 1-5;

1. __COUNT ONE - STRICT LIABILITY__ - Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11;

2. __COUNT TWO - BREACH OF WARRANTY__ - Paragraphs 12, 13, and 14;

3. __COUNT THREE - NEGLIGENCE__ - Paragraphs 15, 16, 17, 18 and 19;

4. __COUNT FOUR - FRAUD__ - Paragraphs 20, 21, 22, 23, 24 and 25;

5. __COUNT FIVE - CONSPIRACY__ - Paragraphs 26, 27, 28, 29 and 30;

### ADDITIONAL INFORMATION
### SHORT FORM COMPLAINT

The following information is provided pursuant to Master Procedural Order No. 1, entered by the Court on December 29, 1999;

6. Plaintiff, Martin M. Howard, Date of Birth, 7/10/38, SS# XXX-XX-7643 an adult who resides at 3470 Route 46, Smethport, Pennsylvania, 16749.

7. Plaintiff, Howard M. Martin was diagnosed with pleural mesothelioma on October 14, 2021.

8. Plaintiff's time period of exposure to asbestos dust and fibers was from approximately 1955 to 1989. Plaintiff had various occupations listed on "Exhibit 1" during this time period.

9. Plaintiff was employed by various employers and worked at various locations listed on "Exhibit No. 1".

10. Plaintiff claims no wage loss at this time.____

## **DEMAND FOR JURY TRIAL**

Plaintiff elects to have his case tried before a jury.

LAW OFFICES OF PETER ANGELOS, P.C.

By: _____

Lauren S. Linsenbach
I.D.#326818
Jason B. Duncan
I.D.#87946
Attorneys for Plaintiffs

Case 5:22-cv-00259-FRD Document 1 Filed 01/20/22 Page 79 of 80

# EXHIBIT NO. 1

| YEAR | JOBSITE | EMPLOYER |
|---|---|---|
| 1955 – 1958 | U.S. Navy | U.S. Navy<br>Various Locations |
| 1958 – 1962 | Bethlehem Steel | Bethlehem Steel<br>Lackawana, NY |
| 1962 - 1966 | GL Carlson | GL Carlson<br>Turtle Point, PA |
| 1966 – 1972 | Pittsburgh Corning Co. | Pittsburgh Corning Co.<br>Port Allegany, PA |
| 1972 – 1974 | Wooster Motor Lines | Wooster Motor Lines<br>Wooster, OH |
| 1974 – 1976 | Halliburton Services | Halliburton Service<br>Bradford, PA |
| 1976 – 1989 | Howard Auto Repair | Howard Auto Repair<br>Bradford, PA |

# VERIFICATION

I, **Martin M. Howard**, hereby certify that I am a Plaintiff in the

instant matter and the facts contained in the foregoing Complaint are

true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. §4904

relating to unsworn falsification to authorities.

Date: 12/14/2021

**Martin M. Howard**